HERBERT BOWDEN *vs.* SAMUEL DERBY.

Knox.    Opinion October 26th, 1904.

*Negligence.    Proximate Cause.    Road Commissioner.*

When a road commissioner, in that capacity, has charge of the erection of a wall, and employs laborers who are paid by the city, he acts as a public officer, and is responsible only for reasonable care in the selection of men and materials for the service. Beyond this he is under no liability, except for his own acts.

When a road commissioner, who is under no obligation as a road commissioner to furnish a derrick to be used in the repair of roads, but having done so, he assumes the obligation towards those who use it, of seeing that it is reasonably safe and suitable, and so maintained.

The principle is clearly established that negligence may be regarded as the proximate cause of an injury, of which it may not be the sole and immediate cause. If the defendant's negligent, inconsiderate and wanton, though

not malicious, act concurred with any other thing, person or event other than the plaintiff's own fault, to produce the injury, so that it clearly appears that, but for such negligent, wrongful act the injury would not have happened, and both circumstances are clearly connected with the injury, in the order of events, the defendant is responsible even though his negligent, wrongful act may not have been the nearest cause in the chain of events or the order of time.

It is a question of fact and not of law, as to what was the proximate cause of an accident.

See *Same* v. *Same*, 97 Maine, 536.

Motion for new trial by defendant.    Overruled.

Case for personal injuries sustained by the plaintiff August 6th, 1900, while at work in an excavation in a certain street in the city of Rockland.

The jury returned a verdict of $600.00 for the plaintiff.

The facts appear in the opinion.

*C. E. & A. S. Littlefield,* for plaintiff.

The only question involved was whether given a derrick situated upon the top of a bank thirty or forty feet above the place where the men were at work, with the lower end of the boom of that derrick in no way secured to its place in the socket, and one of the hazards and things which was likely to happen being that the topping lift which held the outer boom was likely to get loose and run down, the inevitable result that when that run down the boom would come out of its socket, and in all probability fall into the quarry, reasonable care had been exercised in providing for that place a derrick of that construction?

While a derrick of this construction might be reasonably safe and a proper derrick to be used where all the work was to be done on the same level on which the derrick was set, and where if the boom should come out of the socket it would only drop three or four feet to the ground at the base of the derrick, it would be an entirely improper and unsafe appliance to use at the place where the lower end of the boom, becoming separate from the mast it would drop a distance of thirty to forty feet and put in jeopardy not only the limbs but the lives of those who were at work with it.

On all branches of the question the jury were certainly warranted

VOL. XCIX 14

in arriving, on the undisputed facts to a conclusion in favor of the plaintiff. They were to pass, as a matter of fact, upon the question whether it was reasonable care to provide such a derrick for that place.

The conclusion was for them, and the facts certainly justify the conclusions drawn. We submit it would be impossible for them to come to any other proper conclusion.

*D. N. Mortland,* for defendant.

If it should be thought that as a matter of precaution the end of the boom should have been fastened to the mast, still if such want of fastening was not the direct cause of the accident or injury, the plaintiff could not recover because the undisputed evidence shows that an intervening cause and the real cause of the boom coming out of that chock and falling into the quarry was the loosening or casting off of the topping lift. It is well stated in 16 Am. & Eng. Ency. of Law, 1 Ed., page 433, "Where there can be found an independent, efficient, probable cause, the law will ascribe the injury to this probable cause rather than to the negligence which was not its likely and probable cause, but only to be held so in the absence of any other."

If the jury could, by any process of reasoning find that the derrick was defective because the boom was not lashed or fastened to the mast and into its chock, and that that was the proximate cause of the accident, whose duty was it to so fasten it? Was it the defendant's? Was that not a part of the selection of a competent person to set it up? The evidence shows that he selected a suitable derrick, with no imperfections in it. He then employed a proper and experienced man to set it up. If it were the proper thing, or necessary to fasten the boom to the mast, wasn't it this man's duty to do so, and see to it that it was lashed or fastened to the mast?

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

STROUT, J. The city of Rockland in repairing and protecting Maverick street, was erecting a retaining wall on the side of the

street near a deep excavation. The plaintiff was at work upon the wall at the bottom of the excavation. Upon the adjoining bank a derrick was erected, to be used for the handling of stone for the wall. The boom of the derrick fell into the excavation and upon the plaintiff and injured him. For that injury this suit was brought, and plaintiff recovered a verdict for six hundred dollars, which the defendant asks to have set aside as against law and the evidence and for excessive damages.

The defendant was the street commissioner of the city of Rockland, and in that capacity had charge of the erection of the wall. He employed the laborers, who were paid by the city. In all this he acted as a public officer, and was responsible only for reasonable care in the selection of men and materials which he supplied. Beyond this he was under no liability, except for his own acts. The relation of master and servant did not exist between the defendant and the laborers employed on the work.

The defendant furnished the derrick as a complete appliance to be used in doing the work. It was set up on the ground by Mr. Sweetland, employed by the defendant, who, so far as appears, was a competent person for that purpose.

The plaintiff had nothing to do with the selection or putting up of the derrick. When this case was previously before us, 97 Maine, 536, it was then said by Powers, J., speaking for the Court, that "the defendant supplied it (the derrick) to him as a complete appliance to be used in doing the work in which he was engaged. He had a right to rely that it was all right,—that it was not subject to such defects as could be discovered by the exercise of reasonable care on the part of the defendant. The defendant may have been under no obligation as road commissioner, to furnish the derrick, but, having done so, he assumed the obligation towards those who were to use it, of seeing that it was reasonably safe and suitable, and so maintained." The plaintiff was at work in the place selected for him by the defendant. The duty was thus imposed upon the defendant to see that that place was reasonably safe.

To apply these principles to this case:

The heel of the boom to the derrick rested against the mast upon

a chock of wood attached to the mast for its support.  This chock was about eight inches wide.  Upon the sides were cleats nailed to the mast to prevent lateral slipping, but it was not otherwise attached or fastened to the mast and it had no appliance for such attachment. The outer end of the boom was raised five or six feet higher than its heel, by a guy or top lift, running from it to the top of the mast. While in this position there was little or no probability that the heel of the boom would fall off from the chock and the cleats.  From some unexplained reason, while operating the derrick, the top lift either slipped or became detached from its fastenings, allowing the outer end of the boom rapidly to fall to a point lower than the heel, and the heel came out of its resting place against the mast and fell upon the plaintiff in the excavation below and caused his injury.

The plaintiff claimed that the boom should have been made fast to the mast, to prevent this result, and that the derrick was defective and unsafe for that cause.  Its actual condition was apparent to the most casual observation.  The jury found the derrick to be defective in this particular, and we are not prepared to say that such finding was incorrect.

The defendant insists that the proximate cause of the injury was not the want of attachment of the boom to the mast, but the failure of the top lift to remain in place and hold the outer end of the boom at a proper elevation, and that this failure was the result of the negligence of Mr. Sweetland, who set up the derrick, for which the defendant is not reponsible, as he did not in fact do this work.  In a sense, this may have been the causa causans, but it is nevertheless true that the accident would not have happened if the heel of the boom had been securely fastened to the mast.  If two causes operate at the same time to produce a result, which might be produced by either, they are concurrent causes, and in such case each is a proximate cause.  *Herr* v. *City of Lebanon*, 149 Pa. 226; *Milwaukee Railway* v. *Kellogg*, 94 U. S. 474.  As said by the court in *Ricker* v. *Freeman*, 50 N. H. 420, "the principle is clearly established that negligence may be regarded as the proximate cause of an injury, of which it may not be the sole and immediate cause.  If the defendant's negligent, inconsiderate and wanton, though not malicious, act

concurred with any other thing, person or event, other than the plaintiff's own fault, to produce the injury, so that it clearly appears that, but for such negligent, wrongful act the injury would not have happened, and both circumstances are clearly connected with the injury in the order of events, the defendant is responsible, even though his negligent, wrongful act may not have been the nearest cause in the chain of events or the order of time." This language was quoted with approval by this Court in *Lake* v. *Milliken,* 62 Maine, 242. So it is said in *Binford* v. *Johnston,* 82 Ind. 428, that "the intervention of a third person, or of other and new direct causes, does not preclude a recovery if the injury was the natural or probable result of the original wrong."

" If, it appears that the mischief is attributable to the negligence as a result which might reasonably have been foreseen as probable, the legal liability continues." *McDonald* v. *Snelling,* 14 Allen, 296.

In this case, if the derrick was defective and unsafe as constructed, and that condition was apparent to the defendant upon a slight inspection, the fact that the top lift got adrift by insecure fastening, from the negligence of Mr. Sweetland who set it up, or otherwise, that result was one likely to happen and to be apprehended as probable, and does not excuse the defendant, although the injury would not have occurred if the boom had remained in place. It must have been foreseen that if from any cause, the outer end of the boom fell below the end at the mast, the boom would not only be likely to slip off from the chock, but would almost inevitably do so, to the danger of those working in the excavation. It was the heel of the boom that fell out and struck the plaintiff. It fell out because insufficiently secured. This fall, therefore, of an unsafe derrick, as a constructed appliance, must be regarded as the proximate cause of the injury,— although the insecure fastening of the top lift concurred to the result as an intervening impetus. *Lane* v. *Atlantic Works,* 107 Mass. 104; *Insurance Co.* v. *Boon,* 95 U. S. 130; *Lund* v. *Tyngsboro,* 11 Cush. 563.

It is a question of fact and not of law, as to what was the proximate cause of an accident. 95 U. S. supra. The jury has found

the fault in the derrick to be the proximate cause, and we do not feel authorized to disturb that finding.

The damages awarded by the jury cannot be regarded as excessive for the injury received.

*Motion overruled.*