Mary Jane **ROBERTS**, Adm'x of Estate of James C. Davis

v.

**AMERICAN CHAIN & CABLE CO.,** Inc., **Hall & Knight Hardware Co.,** and **A. L. Doggett,** Inc. (3rd Party Defendant).

Supreme Judicial Court of Maine.

Nov. 21, 1969.

Grover G. Alexander, Gray, for plaintiff.

James R. Desmond, John A. Mitchell, Portland, Irving Isaacson, Lewiston, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

DUFRESNE, Justice.

On report under Rule 74(r), M.R.C.P., effective since December 31, 1967, former-

ly Rule 76. The parties agree that James C. Davis, the plaintiff's intestate, on September 22, 1964 was an employee of A. L. Doggett, Inc., (Doggett) third-party defendant, and in the course of his employment received an injury which resulted in his death on October 7, 1964. The deceased was unmarried at the time and left surviving him his mother, Mary Jane Roberts, who as administratrix of his estate brought suit against the defendants, American Chain & Cable Co., Inc. (American Chain) and Hall & Knight Hardware Co. (Hall & Knight). Her complaint reveals that the accident resulting in Davis' death happened when in the course of the installation of a petroleum tank by his employer the chain used in hoisting the tank and setting it in place broke, causing Davis to be crushed in the mishap. Resting her tort claim for damages on varied grounds of negligence and breach of warranty against American Chain, the manufacturer and wholesale distributor, and Hall & Knight, the dealer and intermediate seller of the chain to her decedent's employer, Doggett, the plaintiff seeks monetary awards for conscious suffering, together with medical, surgical and hospital expenses, available at common law, plus statutory benefits for wrongful death under 18 M.R.S.A. § 2553, together with reasonable funeral costs. Under Rule 14, M.R. C.P., the defendant American Chain caused to be served upon the third-party defendant Doggett a complaint in which as third-party plaintiff it claimed that the cause of the accident was the negligence of Doggett in overloading the chain and if found liable in damages for Davis' accidental injury and resulting death American Chain was entitled as against Doggett to exoneration or contribution and prayed judgment therefor.

The issue raised in the instant report results from Doggett's affirmative defense of immunity under the workmen's compensation act to American Chain's third-party complaint, the employer specifically pointing to 39 M.R.S.A. § 4 in support of its claim that as an assenting employer it is

exempt from any liability on account of its employee's injuries and death except as provided under the act. The parties are in full agreement respecting the factual background from which the question of law submitted to this Court arises. Doggett was an assenting employer within the terms of the workmen's compensation act when Davis, its employee and plaintiff's intestate, in the regular course of his employment received the injuries which resulted in his death. Doggett had in full force and effect a compensation insurance policy which covered the claim and the insurance carrier on the account of Davis' employer paid all benefits required under the act, including the additional sum of $500 to the State of Maine on account of the Second Injury Fund as provided by 39 M.R.S.A. § 57.

Thus, the question presented to us is whether the workmen's compensation act of this State bars American Chain, the third-party wrongdoer (meaning the person other than the employer legally liable in damages in respect to an injury to an employee under 39 M.R.S.A. § 68), from bringing a third-party complaint as provided by Rule 14, M.R.C.P., against Doggett, the assenting employer of the deceased employee, for the purpose of obtaining contribution or exoneration from such employer in the event that such third-party tortfeasor be held liable in damages in the main complaint, in light of the fact that the employer has fully complied with the requirements of the act and has paid all the benefits available thereunder.

Our workmen's compensation act has set up a comprehensive program whereby an employee subject to it may obtain from his assenting employer as a result of any personal injury received by accident arising out of and in the course of his employment, 39 M.R.S.A. § 51 et seq., compensation, vocational rehabilitation, medical and other services, and his estate, burial expenses if the industrial accident results in death, all within specific detailed ranges of amounts and time periods. The employer's liability within the scope of the act is not made to rest on negligence, but accrues as an absolute statutory duty without reference to negligent conduct. In return for the employer's acceptance of liability without fault in industrial injuries under the State's regulatory program made an integral part of the employer-employee relationship between an assenting employer and a non-dissenting employee, the employee's right of action against his employer as existed at common law and certain other statutory rights are abrogated. 39 M.R.S.A. § 28. His only redress is under the act, which this Court has said created a new and exclusive remedy. Nadeau v. Caribou Water, Light & Power Company, 1919, 118 Me. 325, 108 A. 190. This Court was construing R.S., 1916, c. 50, § 5, which now appears as 39 M.R.S.A. § 4 in substantially the same form:

"Such assenting employers, except as provided by section 28, shall be exempt from civil actions because of such injuries either at common law or under sections 141 to 148 or under Title 18, sections 2551 to 2553."

The issue of a third party's right of contribution or exoneration from an assenting employer within the State's scheme of the workmen's compensation act must ultimately be resolved by construction of the act itself and determination of legislative intendment. Our act is not as specific as some of the acts of our sister states wherein the bar of the statute insulating the employer from liability is specifically directed, as in the New York legislation, against "such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death." Workmen's Compensation Law, § 11, McKinney's Consol. Laws, c. 67. Our act, on the other hand, is so general in terminology as to generate the belief that the Legislature may have intended an all-embracing immunity in favor of the employer cutting across any equitable considerations which our courts in the application of equitable principles might otherwise apply.

The original compensation act, Public Laws, 1915, c. 295, when the injury for which compensation payable under the act had been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, gave the employee an initial option either to seek the limited compensatory benefits under the act against his employer or to pursue his common law action against the third party and obtain full damages for the injury. As pointed out in Foster v. Congress Square Hotel Company, 1929, 128 Me. 50, at 54–55, 145 A. 400, 67 A.L.R. 239, prior to the amendment of the act in 1921, the employee-beneficiary would have been barred from bringing suit against the third-party tortfeasor if he applied for and was awarded compensation. Furthermore, if the employer who paid compensation declined to seek reimbursement by the enforcement of his employee's common law action for damages against the third-party tortfeasor to which he was subrogated under the act, the third-party tortfeasor would thereby enjoy complete immunity from his wrong. Although the employer from the beginning has been given subrogation rights against the third-party tortfeasor permitting reimbursement to the full extent of the benefits paid under the act, together with expenses and costs of action, it is only through the amendment of 1921, Public Laws, c. 222, § 8, that the injured employee was given the right to enforce his common law rights against the third-party tortfeasor when his employer failed to bring suit within 90 days after written demand to do so, (now 30 days—39 M.R.S.A. § 68). As stated in Foster, supra, "the inability of the injured person to obtain full damages, and the immunity of the tort-feasor, are among the evils which the Legislature intended to remedy by the amendment of 1921." The right to contribution as between tortfeasors whose tortious conduct was not intentional and wilful but whose negligent acts concurred in bringing about the accident and resulting injury was recognized and declared by this Court in 1918, in the case of Hobbs v. Hurley, 117 Me. 449, 104 A. 815. Notwithstanding such clearly expressed judicial doctrine, our Legislature substantially revised the original workmen's compensation act of 1915 at its 1919 and 1921 sessions, and both revisions re-enacted the employer's rights of subrogation to the rights of the injured employee for purposes of recovery of damages from the third-party wrongdoer and sanctioned unconditional and total reimbursement out of the proceeds of such recovery. See, Public Laws, 1919, c. 238, § 26; Public Laws, 1921, c. 222, § 8. The Legislature to the present day has left the employer's right to recoupment through subrogation as an absolute right, whether the employer's conduct in the industrial accident be faultless or culpable. See, 39 M.R.S.A. § 68.

An overwhelming majority of the jurisdictions deny contribution to a third-party tortfeasor as against an assenting employer, following the rule of common liability upon which they condition the right of contribution. Employers Mutual Liability Insurance Co. v. Griffin Construction Co., Ky., 280 S.W.2d 179, 184, 53 A.L.R.2d 967. For a collection of the authorities, see 18 Am.Jur.2d, Contribution, §§ 47, 48; Annotations, 19 A.L.R.2d 1003, 53 A.L.R.2d 979 §§ 2(a), 2(b), 60 A.L.R.2d 1366, at 1384, 1385 § 8(a); 101 C.J.S. Workmen's Compensation, § 982b. Their basic premise is grounded on the fact that workmen's compensation acts extinguish the employer's common law liability for negligence and substitute therefor an absolute liability for the industrial injury. In their view, it matters not that the employer's negligence concurred with that of the third-party wrongdoer in causing the accident. The absence of common responsibility between the assenting employer and the third-party tortfeasor bars any right of contribution by the third party against the employer. Common liability has been conceived as a liability which is enforceable against each tortfeasor individually. Since the employee or his legal representative cannot recover

damages for negligence against the employer, these jurisdictions hold that there is no such responsibility upon the employer and consequently there cannot be common liability with a third-party wrong-doer.

In Bedell v. Reagan, 1963, 159 Me. 292, 192 A.2d 24, our Court, in permitting contribution from the husband of an injured wife, stated that "[t]he element [of common liability of both tortfeasors to the injured person] should not be a controlling condition or factor when one joint tortfeasor unintentionally and negligently has wrought harm which he is dispensed from righting because of his matrimonial union with the victim but which the other joint tortfeasor not in the marital relation must redress in full to the injured spouse without any equitable right of contribution from the joint tortfeasor spouse. * * * It is of the very object of equity to prevent the application of a universal legal principle in an eventuality where unconscionable and unjustifiable hardship must otherwise ensue."

We recognize some analogy between the special and accidental defense of marital immunity in Bedell, and the special and accidental defense of assenting employer non-liability under the workmen's compensation act. However, it is obvious that the rationale underlying the two defenses is entirely different. The reciprocal disability of spouses respecting litigation against each other arising from feudalistic customs out of the concept of unity of the parties to a marriage contract has endured to this day as a vestigial remnant of State policy dedicated to the preservation of domestic tranquility. The common law doctrine of unity in marriage has been so eroded during the years by positive legislation that in modern times the status of the spouses has been practically equalized and the unity of marriage concept remains more theory than fact. In realistic terms, we decided in Bedell that "[t]he mystical concept of personal, wedded unity and the paternalistic

apprehension of domestic discord between the spouses can not be so compelling as to vindicate" the rule of spousal immunity from contribution between joint tortfeasors when one of the joint wrongdoers happens to be the spouse of the injured party.

■ The underlying policy supporting the right to contribution between joint tortfeasors espoused by this Court does not rest in contract. We recognize an equitable right founded on acknowledged principles of natural justice that when one has discharged or may be obligated to discharge more than his share of a common liability, he may have contribution from the other joint tortfeasor whose negligence concurred with his in producing the injury. Hobbs v. Hurley, supra. Should this equitable policy apply between joint tortfeasors when one of them is an assenting employer under the workmen's compensation act? It may be argued that it is inequitable to subject the third-party wrongdoer to the entire damages when he would be entitled to contribution but for the sheer chance that the other party whose negligent conduct concurred in causing the injury happens to be an assenting employer under a compensation act. We recognize the force of the argument. The equities, however, which support contribution between concurrently negligent tortfeasors are not so compelling as to justify frustration of the purposes of our workmen's compensation act by carrying the doctrine over into our legislative program regulating the industrial injury.

■ Our Court has defined on occasion the public policy objects inherent in our workmen's compensation act. Generally it has looked upon this legislation as a transfer of the burdens resulting from industrial accidents, regardless of who may be at fault, from the individual to the industry and an ultimate distribution of such burdens upon society as a whole, by compelling the industry, in which the accident occurs, through the employer, to pay compensation benefits based on the average weekly wages

of the injured employee in substitution for the loss of wages occasioned by the accident. See, Scott's Case, 1918, 117 Me. 436, 104 A. 794. The purpose of the law was to give certain and speedy relief to those suffering injury in industry. Bartley et al. v. Couture, 1947, 143 Me. 69, 55 A.2d 438. Our Court, on the other hand, has maintained that employers have rights and they also are entitled to rely on the certainty of the compensation to be paid and the amount of the services to be rendered. Perversion of the law, either to benefit the employee or protect the employer, has the tendency only to bring the law into contempt. Dinsmore's Case, 1948, 143 Me. 344, 62 A.2d 205; White v. Eastern Manufacturing Co., et al., 1921, 120 Me. 62, 112 A. 841, 843, 16 A.L.R. 1165. To extend the employer's liability beyond the scope of the compensation act under the guise of the application of equitable principles of contribution in favor of a joint tortfeasor would be a perversion of the act contrary to the intendment of legislative policy. The intent of the statute was not to burden the industries of the State beyond the scope of the act as defined by the lawmakers. MacDonald v. Employers Liability Assur. Corp., 1921, 120 Me. 52, 112 A. 719. Its purpose and operation assure the employees of assenting employers moderate recoveries from their employers in exchange for the waiver of their rights of action at common law against such employers but third persons responsible for the employees' injuries gain no benefit from such waivers. Denaco et al. v. Blanche 1952, 148 Me. 120, 90 A.2d 707. The act automatically vests in the employer who has paid or obligated himself to pay compensation to his injured employee the latter's right of action against the third-party wrongdoer for purposes of recoupment in full of the compensation and expenses disbursed under it and payment to the employee of any award collected in excess thereof, and the negligent third party has no possible interest as to the appropriation of the amount for which he is liable. Donahue v. Thorndike & Hix, Inc., 1920, 119 Me. 20, 109 A. 187.

We must construe our workmen's compensation act in the light of the underlying policy of the Legislature which enables the parties whose rights are regulated between themselves by the fixed provisions of the act to seek full damages against the third-party tortfeasor legally responsible for the employee's injury. We should not infer, in the absence of express legislative sanction, any unintended dilution of the third-party wrongdoer's full responsibility to the injured party through circuitous recovery against the employer on the grounds of contribution. See, Steeves v. Irwin, 1967, Me., 233 A.2d 126, at 133. We rule that the Legislature, in imposing absolute liability on an assenting employer without reference to fault in return for the employee's speedy recovery of fixed but limited benefits for any industrial injury, has established a comprehensive scheme for the distribution of loss by industrial accidents to the ultimate benefit of the employer, employee and the public at large. Under such circumstances, for this Court to shift part of the third-party tortfeasor's liability onto the assenting employer merely on the basis of the equitable doctrine that parties whose concurrent negligence has caused an injury should bear a like burden in redressing the same, would tend to frustrate pro tanto the purposes of the act. An assenting employer, by virtue of 39 M.R.S.A. § 4, has full immunity except as otherwise provided therein from any civil action because of an industrial injury, including exemption from any duty of contribution to a third-party tortfeasor whose concurrent negligence with that of the employer has caused the accident. Such construction is warranted to effectuate the fundamental and impelling basic policy of our State in workmen's compensation cases which is certainty of remedy for the injured employee and absolute but limited and determinate liability for the employer. This statutory policy providing the employer with a definitive liability for payment of benefits predictable with some degree of accuracy in all industrial accidents and resting upon the employer's immunity from further damages

beyond the call of the compensation act transcends any counteracting judicial considerations of equitable principles. Thus, Bedell does not apply and is distinguishable from the instant case.

American Chain as third-party plaintiff has complained against Doggett, the assenting employer, alleging as the basis of recovery the alternative ground of exoneration or indemnity. Certain courts have permitted the impleading of tortfeasor employers covered by workmen's compensation acts on principles of indemnity. Union Stock Yards Co. v. Chicago B & Q R. R. Co., 1905, 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453; American District Telegraph Co. v. Kittleson, 1950, 8th Cir., 179 F.2d 946; Westchester Lighting Co. v. Westchester County Small Estates Corp., 1938, 278 N.Y. 175, 15 N.E.2d 567; Baugh v. Rogers, 1944, 24 Cal.2d 200, 148 P.2d 633, 152 A.L.R. 1043; Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105; Miller v. DeWitt, 1967, 37 Ill.2d 273, 226 N.E.2d 630; Crapser v. The United States of America (unpublished opinion by the District Court of Maine on December 12, 1958).

As stated in Hendrickson v. Minnesota Power & Light Company, 1960, 258 Minn. 368, 104 N.W.2d 843 at page 847:

"Contribution and indemnity are variant remedies used when required by judicial ideas of fairness to secure restitution. Although similar in nature and origin and having a common basis in equitable principles, they differ in the kind and measure of relief provided. Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely. Differing thus in their effect, these remedies are properly applicable in different situations. Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties."

■ Since at common law joint or concurrent tortfeasors had no right as against each other to secure contribution, on the ground that there was an absence of common liability, (which was not the case in Maine), these courts fashioned an analogous rule of obtaining restitution on the theory of indemnity or exoneration in purely tort and non-contractual situations but only under certain exceptional and limited circumstances. They applied the rule in such cases as when one joint tortfeasor was passively negligent while the other was guilty of active negligence, when one's negligence was secondary as compared to the primary negligence of the other, or when, upon contrasting the respective degree of culpability of wrongdoers, one appeared as the principal wrongdoer as against the other whose negligence was less culpable. By judicial fiction a promise or obligation to indemnify was raised as a matter of law in terms of quasi contract on the part of the tortfeasor who was actively or primarily negligent or whose negligence was greater in degree of culpability in favor of the other tortfeasor who was only passively or secondarily negligent or whose negligence was of lesser magnitude. Our Court, however, has never adopted this principle of indemnity in purely non-contractual situations but has constantly predicated responsibility on proximate causation. Where the injury is the result of concurring negligence of two parties, one is not exempt from full liability, although the other was equally culpable and the question must be left to the jury whether the first wrongdoer's act was the proximate cause of the injury. Janilus v. International Paper Company, 1914, 112 Me. 519, 92 A. 653. And negligence may be regarded as the proximate cause of an injury, of which it may not be the sole and immediate cause even though it may not have been the nearest cause in the chain of events or the

order of time. Bowden v. Derby, 1904, 99 Me. 208, 58 A. 993.

■ The overriding policy of our workmen's compensation act which bars the impleading of an assenting employer by the third-party tortfeasor for purposes of contribution equally precludes such procedures on the ground of indemnification upon the so-called quasi contract theory or implied-promise-in-law basis. Hunsucker v. High Point Bending & Chair Co., 1953, 237 N.C. 559, 75 S.E.2d 768; Iowa Power and Light Company v. Abild Construction Company, 1966, 259 Iowa 314, 144 N.W.2d 303.

■ We do not intimate however that a third-party tortfeasor may not implead an assenting employer under certain conditions. The assenting employer may have obligated himself to indemnify the third-party tortfeasor by an express contract of indemnity. Larson's Workmen's Compensation Law, Vol. 2, § 76.41. Some special contractual relationship between the employer and the third party may support an implied contractual obligation to indemnify such as may arise from an implied duty to use due care in a performance contract between them, Larson, Section 76.43.

We express no opinion respecting such situations which in no way parallel the facts of the instant case.

■ The third-party complaint charges that the cause of the accident was the negligence of the employer in overloading the chain or cable in violation of its express instructions. Nowhere does it appear that the employer owed the third-party manufacturer any contractual duty of inspection or otherwise. The allegations merely state a possible sole or concurrent proximate cause of the accident which are insufficient in law to justify a claim of indemnity.

Doggett's first defense to the third-party complaint to the effect that it was an assenting employer under our workmen's compensation act at the time of the decedent's injuries and resulting death is a complete bar to said complaint and the entry will be

Third-party complaint dismissed. Costs allowed to the third-party defendant, A. L. Doggett, Inc.

So ordered.

TAPLEY, J., sat at argument, but retired before the opinion was adopted.