**Roger N. GAGNE and Irene M. Gagne, Plaintiffs,**

v.

**CARL BAUER SCHRAUBENFABRICK, GmbH, Defendant,**

and

**POWER ANCHOR CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**ROBERGE CONSTRUCTION, INC., Third-Party Defendant.**

Civ. No. 82–0134–P.

United States District Court,
D. Maine.

Oct. 19, 1984.

George W. Beals, Thomas J. Quinn, Hewes Culley Feehan & Beals, Portland, Maine, David R. Ordway, Ordway & Delicata, Biddeford, Maine, for plaintiffs.

John N. Kelly, Graydon G. Stevens, Leland N. Chisholm, Kelly, Remmel & Zimmerman, Portland, Maine, for defendant.

Frederick C. Moore, Robinson & Kriger, Portland, Maine, for Roberge Const.

MEMORANDUM OF DECISION AND ORDER ON DEFENDANT POWER ANCHOR CORPORATION'S MOTION FOR RELIEF FROM JUDGMENT

GENE CARTER, District Judge.

### I.

This case comes before the Court on the motion of Power Anchor Corporation as

Third-Party Plaintiff against Third-Party Defendant Roberge Construction, Inc. for relief pursuant to Fed.R.Civ.P. 60(b)(6) from a judgment and order of this Court granting Power Anchor's Motion for Summary Judgment. On April 2, 1984, Roberge filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56. On April 24, 1984, this motion was granted by the endorsement of the Clerk, acting for the Court: "No objection having been filed, motion *granted* per Local Rule 19(b)." [1] (Emphasis in original.)

On April 26, 1984, Power Anchor filed a Motion for Relief from Judgment pursuant to Rule 60(b). The Court denied the motion in its Order of June 7, 1984. *Gagne v. Carl Bauer Schraubenfabrick*, 101 F.R.D. 777 (D.Me.1984).

Power Anchor filed a Second Motion for Relief from Judgment on June 29, 1984. In this motion, Power Anchor seeks relief under subsection (6) of Rule 60(b). The Court has determined that the standards of Rule 60(b) shall not be applied to this motion because the order granting summary judgment on April 24, 1984, is not a final judgment within the meaning of the Federal Rules of Civil Procedure.

Roberge brought its Motion for Summary Judgment as Third-Party Defendant. The Court's Order of April 24, 1984, adjudicated only the claim of Power Anchor as Third-Party Plaintiff against Roberge as Third-Party Defendant. The claims of the Plaintiffs against the two Defendants were not adjudicated on this motion.

■  Fed.R.Civ.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or *third-party claim, or when multiple parties are involved,* the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added.) Here, the Court made no "express determination that there is no just reason for delay" nor "an express direction for the entry of judgment." Rule 54(b) dictates, therefore, that the order granting summary judgment is not a final judgment because the rights of fewer than all the parties were adjudicated. *Pahlavi v. Palandjian*, 744 F.2d 902, (1st Cir.1984). The rule expressly provides that such an order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The order is merely interlocutory and not a final judgment. As such, its revision is not subject to the restrictive provisions of Rule 60(b), which applies by its terms only to *"final"* judgments, orders or proceedings. [2] The Court retains plenary power to afford such relief

---

1.  Local Rule 19 was amended, effective June 1, 1984, so that subsection (b) is now subsection (c). The pertinent language has not been amended:

> Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion.

2.  The advisory committee note to the 1946 amendments to Rule 60(b) explained:

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed.R.Civ.P. 60(b) advisory committee note; *see also* 11 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2852 at 145 (1973).

as justice requires. *Vaughn v. Regents of University of California*, 504 F.Supp. 1349, 1351 (E.D.Cal.1981); 7 Moore & Lucas, *Moore's Federal Practice*, § 60.20 (1982).[3]

## II.

■ Power Anchor argues that the Court's interpretation of Local Rule 19(c) as applied to a motion for summary judgment conflicts with Fed.R.Civ.P. 56(c) and 56(e). The Court recently held that Rule 56 does indeed require the Court to examine the merits of a motion for summary judgment even when a non-moving party fails to object as required by Local Rule 19(c). *McDermott v. Lehman*, 594 F.Supp. 1315, Civil No. 82–0295–P (D.Me. Sept. 21, 1984). A party who fails to object to a motion for summary judgment within ten days, as required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Id.*, 594 F.Supp. at 1321.

In this case, the Motion for Summary Judgment was decided before the decision in *McDermott*, and the procedure set forth therein was not followed. In light of the *McDermott* decision, this Court shall exercise its plenary power to give relief from its interlocutory Order Granting Summary Judgment.

## III.

Because Power Anchor failed to object to the Motion for Summary Judgment within ten days, as required by Local Rule 19(c), Power Anchor has waived its right to controvert Roberge's supported factual contentions, and the motion will be decided on the basis of the movant's submissions alone. *McDermott*, 594 F.Supp. at 1321.

The Plaintiffs in this case, Roger N. Gagne and Irene M. Gagne, brought this products liability action against Power Anchor Corporation, a distributor of powder-actuated fastening devices. Plaintiff Roger N. Gagne was injured by a projectile fired from a tool which was operated by one of his co-employees. The tool was manufactured by Power Anchor Corporation. Plaintiff's employer was Roberge Construction, the Third-Party Defendant and the moving party on this Motion for Summary Judgment. Power Anchor filed a three-count, third-party complaint against Roberge Construction, seeking full or, alternatively, limited contribution or indemnification from Roberge should Power Anchor be found liable. Power Anchor claims that the primary cause of Plaintiff Roger N. Gagne's injuries was the negligence of Roberge in failing to adequately instruct and train its employees in the proper use of the tool, failure to warn its employees of possible dangers associated with improper use, and allowing unqualified persons to operate the tool.

Roberge has paid substantial workers' compensation benefits to Mr. Gagne. Roberge argues in its Motion for Summary Judgment that it is immune from suit by Power Anchor Corporation by virtue of the provisions of the Maine Workers' Compensation Act. Roberge contends that the state Workers' Compensation Act is an absolute bar even to limited contribution in the amount of the Roberge workers' compensation lien. For purposes of deciding this motion, the Court must assume that Plaintiff's injury was caused, at least in part, by the fault of his employer, Roberge Construction.

---

**3.** The Court notes that it applied Rule 60(b) to Power Anchor's First Motion for Relief from Judgment in its Order of June 7, 1984. In that motion, Power Anchor sought relief due to the neglect of counsel. Because of the decision in this Order, it is unnecessary for the Court to reconsider its Order of June 7, 1984, in light of its determination herein that the Order Granting Summary Judgment did not constitute a final judgment. The Court advises, however, that, in the exercise of its discretion to give relief from interlocutory orders, it would not be inclined toward relieving from such orders merely due to the neglect of counsel. The Court also notes that in neither Power Anchor's First Motion for Relief nor the pending one did it raise the possibility that the Court's Order Granting Summary Judgment was *not* final within the meaning of Rule 54(b).

Power Anchor's third-party complaint contains three counts which may be summarized briefly: (1) indemnification to the extent of Roberge's fault; (2) contribution to the extent of Roberge's fault; and (3) contribution limited to the amount of Roberge's workers' compensation lien. The first two counts may be quickly disposed of under current Maine law. However, the third count presents difficulties which the Court is not prepared to resolve at this point in this litigation.

■ The immunity provision of the Maine Workers' Compensation Act provides in pertinent part that employers "shall be exempt from civil actions because of such injuries ... at common law ...." 39 M.R.S.A. § 4 (Supp.1983–84).[4] That this provision bars a third-party action for contribution or indemnification against the employer was made clear in the case of *Roberts v. American Chain & Cable Co.*, 259 A.2d 43 (1969), and need not be discussed at length here. In *Roberts,* the Law Court squarely held that third-party actions for contribution or indemnity are barred under the workers' compensation statutes.

The rationale underlying *Roberts* was reaffirmed in the recent case of *McKellar v. Clark Equipment Co.*, 472 A.2d 411 (Me. 1984). In *McKellar,* the Law Court held that the wife of an employee was barred from suing the employer for loss of consortium as a result of injuries sustained by the employee which were compensable under the Workers' Compensation Act. Although the Court noted that the facts in *Roberts* were "readily distinguishable" from those in *McKellar,* it observed that "the underlying rationale is not confined to that single case and is not easily rejected." *McKellar,* 472 A.2d at 414. The Law Court in *McKellar* quoted *Roberts* as follows:

> Generally ... [this Court] has looked upon this legislation as a transfer of the burdens resulting from industrial acci-

dents, regardless of who may be at fault, from the individual to the industry and on ultimate distribution of such burdens upon society as a whole, by compelling the industry, in which the accident occurs, through the employer, to pay compensation benefits based on the average weekly wages of the injured employee in substitution for the loss of wages occasioned by the accident.... Our court, on the other hand, has maintained that employers have rights and they also are entitled to rely on the certainty of the compensation to be paid and the amount of the services to be rendered. Perversion of the law, either to benefit the employee or protect the employer, has the tendency only to bring the law into contempt.... The intent of the statute was not to burden the industries of the state beyond the scope of the Act as defined by the lawmakers.

*McKellar,* 472 A.2d at 414 (*quoting Roberts,* 259 A.2d at 48–49).

The Law Court's decision in *Roberts* and its reaffirmation of *Roberts* in *McKellar* persuade this Court that, under the law of the State of Maine, Power Anchor's claims for contribution and indemnity, set forth in Counts I and II of its Third-Party Complaint, are barred by section 4 of the Workers' Compensation Act.

## IV.

Power Anchor's third count presents the narrower question of whether an employer may be required to contribute to a partially responsible third party only to the extent of the employer's liability under the Workers' Compensation Act. Specifically, Power Anchor seeks declaratory relief extinguishing Roberge's workers' compensation lien to the extent of its comparative liability, setting off any amounts previously paid to the Plaintiffs by Roberge from the Plaintiffs' judgment, and directing Roberge

---

**4.** In addition, an employee is prevented from suing an employer under § 28:

> An employee of an employer, who shall have secured the payment of compensation as provided in Sections 21 to 27 shall be held to

have waived his right of action at common law to recover damages for the injuries sustained by him, and under the statutes specified in Section 4.

39 M.R.S.A. § 28 (1978).

to pay any further workers' compensation benefits to which the Plaintiffs may become entitled directly to Power Anchor. Alternatively, Power Anchor seeks contribution from Roberge limited to the amount which it recoups from the Plaintiffs pursuant to its workers' compensation lien, and declaratory relief directing Roberge to pay directly to Power Anchor any further workers' compensation benefits to which the Plaintiffs would have been entitled if the Plaintiffs had not succeeded in their suit against Power Anchor.

Section 68 of the Maine Workers' Compensation Act permits an injured employee, at his option, to either claim compensation under the Act or obtain damages from a third party other than the employer who is responsible for the injury. 39 M.R.S.A. § 68 (Supp.1983–84). If an employee claims benefits under the Workers' Compensation Act, the employer is granted a "lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury." *Id.* If an employee fails to pursue his remedy against a responsible third party, the employer who complies with the provisions of section 68 is subrogated to the rights of the injured employee and may proceed against the responsible third party.

*Id.* An employee who receives benefits from an employer and then recovers damages from a responsible third party is required to repay the compensation benefits to the employer. *Id.*

■ Under these provisions, it appears that an employer may recover in its entirety his statutory lien from any damage award recovered by the employee from a responsible third party, even if the employer is partially at fault under general principles of tort law.[5] In short, an employer may avoid paying any compensation to the employee if a third party is found to be partially at fault.[6]

The question whether the Maine Law Court would apply the broad principles of *Roberts* to bar a claim for contribution limited to the amount of the employer's lien was faced by this Court before in the case of *Drinkwater v. Laser Manufacturing Co., Inc.,* Civil Nos. 79–99, 79–100 P (D.Me. Sept. 16, 1981) (per Gignoux, J.) (unpublished). In *Drinkwater,* the Court found the question whether limited contribution should be permitted to be an "unsettled question of Maine law" and thus denied the employer's motions to dismiss the third-party complaints filed in that case. The Court ordered that the question of the relative

---

**5.** Under Maine law, each concurrent tortfeasor is jointly and severally liable to the plaintiff for the full amount of the plaintiff's damages. 14 M.R.S.A. § 156 (1980). However, any defendant has the right to determination by the jury of the percentage of fault attributable to each defendant, *id.,* and each defendant has the right to obtain contribution from any other parties at fault. *Packard v. Whitten,* 274 A.2d 169 (Me. 1971); *see also Otis Elevator Co. v. F.W. Cunningham & Sons,* 454 A.2d 335 (Me.1983) (defendant may obtain contribution from third party who is not directly liable to plaintiff under comparative negligence statute). If limited contribution by an employer who would be partially at fault under tort principles is barred, the employer is not only immune from suit, he may also recover the entire amount of the workers' compensation benefits he has paid from the damage award. Meanwhile, the third party, who is only partially at fault, would have no right to contribution.

**6.** The apparent inequity caused by the interaction of the compensation act with general tort

law is further illustrated by a hypothetical set forth in the Magistrate's opinion in *Drinkwater v. Laser Manufacturing Co., Inc.,* Nos. 79–99, 79–100 P (D.Me. Sept. 16, 1981), which was adopted by this Court (per Gignoux, J.):

> Suppose manufacturer is held liable to the plaintiff for $50,000, and further suppose that that employer has already paid to the plaintiff $15,000 in workers' compensation payments. Under Maine law, employer may secure reimbursement of its $15,000, leaving plaintiff with a net recovery of $35,000. 39 M.R.S.A. § 68. The net effect is that the manufacturer reimburses the employer for the employer's workers' compensation payments. But suppose, as we must suppose in this case, that the employer's fault far exceeds the manufacturer's fault. Is it "justice" to require the lesser wrongdoer to reimburse the greater wrongdoer? Manufacturer says no and seeks relief from this reimbursement on the theory that employer must not be allowed to profit from his own wrong.

*Id.* Recommended Decision on Third-Party Defendant's Motions to Dismiss at 3.

fault of the manufacturer and the employer be submitted to the jury and, if the jury found liability on the part of the employer, that the certification of the issue to the Maine Law Court then be addressed.

The rationale for the order in *Drinkwater* is contained in the Recommended Decision of the Magistrate, which was adopted by the Court. The Magistrate distinguished the *Roberts* case on two grounds.

First, the manufacturer in *Roberts* apparently sought contribution or indemnity to the full extent of the employer's fault and thus sought an extension of the employer's total liability. *Drinkwater*, Magistrate's Recommended Decision at 4. The Magistrate observed: "No such relief is sought by manufacturer here; manufacturer does not seek any extension of the employer's liability, but only seeks to avoid reimbursing employer for employer's own wrong." *Id.*

Second, the Magistrate found that it was no longer true that, as the Law Court observed in *Roberts* in 1969, the "overwhelming majority" of jurisdictions deny contribution today. *Id.* The Magistrate determined that the holding of *Roberts* was placed in doubt by developments in the law in other jurisdictions.

The approach taken in *Drinkwater* to pretrial motions to dispose of third-party claims for limited contribution against an employer was twice followed by this Court in subsequent cases. *Connell v. Cessna Aircraft Company, Teledyne Industries, Inc.*, Civil Nos. 80-1085-B, 80-1088-B, 80-1089-B (D.Me. Sept. 16, 1982) (per Cyr, J.); *Mason v. Consolidated Utility Equipment Service, Inc.*, Civil No. 81-0087-B (D.Me. Mar. 3, 1983) (per Cyr, J.).

Roberge argues in its memorandum accompanying its Motion for Summary Judgment that the rationale of *Drinkwater* has been undermined by the Law Court's decision in *McKellar*. This Court agrees that *McKellar* reaffirms the 'general principles of *Roberts* and thus vitiates one of the two rationales set forth by the Magistrate in *Drinkwater*. That is, *McKellar* makes clear that the underlying rationale of *Roberts* is alive and well in Maine law today. As discussed above, however, *McKellar* dealt with the very different question of a wife's loss of consortium claim, and its reasoning did nothing to advance Maine law with respect to the narrow question of whether a damage award against a partially responsible third party should be reduced by the amount of the employer's workers' compensation lien.

■ The narrow issue, then, is whether the Court should abandon the *Drinkwater* approach because *McKellar* has undermined one of the two rationales relied upon by the Magistrate in that case. The Court finds that the most compelling basis for the *Drinkwater* approach is that the Maine Law Court has never confronted the question whether a third-party claim against an employer, limited only to the amount of the employer's workers' compensation lien, is to be distinguished from a general claim for contribution which may extend the employer's total liability beyond that under the Workers' Compensation Act. Therefore, despite the recent decision in *McKellar*, it still cannot safely be predicted that the Law Court would today order dismissal of the third-party complaint.[7]

---

7. Justices of the Maine Superior Court, in three cases decided subsequent to the Law Court's decision in *McKellar*, have in fact refused to dismiss similar third-party complaints raising the identical question. *See Logan v. Graco, Inc.*, Civil No. CV80-487 (Me.Super.Ct., June 24, 1984); *Godin v. F.W. Cunningham & Sons*, Civil No. CV81-1058 (Me.Super.Ct., June 28, 1984); *Beaulieu v. Amatex Corporation*, Civil No. CV80-612 (Me.Super.Ct., July 10, 1984). This Court recognizes that in determining the existing content of state law in diversity cases, the decisions of the trial courts may serve as important guideposts. The Court is also aware, from experience in the venue of the State of Maine, that the ultimate acceptance at the appellate level of the resolutions of important questions of legal policy reached at the trial level is usually fraught with many and often impenetrable exigencies. It is the aura that is cast by those exigencies, and not any concern about the propriety of the analysis of any of the foregoing Superior Court cases, that causes this Court to shrink from the prospect of giving them sufficient weight as predictive models of the future State of Maine law to overcome the uncertainty

The Court will deny Roberge's Motion for Summary Judgment as to the third count in Third-Party Plaintiff Power Anchor's complaint, without prejudice. Roberge Construction shall remain a party to this suit, and the Court will consider certifying the question presented herein to the Maine Law Court if the future course of this litigation properly postures the issue.

### V.

The Maine Law Court is authorized to decide an issue of Maine law certified to it by a federal court under 4 M.R.S.A. § 57 (Supp.1983–1984). The procedure for certification is set forth in Me.R.Civ.P. 76B., which provides in pertinent part:

> **(a) When Certified.** When it shall appear to the Supreme Court of the United States, or to any of the Courts of Appeal or District Courts of the United States that there are involved in any proceeding before it one or more questions of law of this state which may be *determinative of the cause* and that there are *no clear controlling precedents* in the decision of the Supreme Judicial Court, such federal court may, upon its own motion or upon request of any interested party, certify such questions of law of this state to the Supreme Judicial Court sitting as the Law Court, for instructions concerning such questions of state law.

(Emphasis added.) Thus, the Law Court will not decide a certified question unless it is "determinative of the cause" and there are "no clear controlling precedents." The Court has determined that, to date, there are no clear controlling precedents with respect to the issue presented herein. At this stage in litigation, however, it is not possible to determine whether a decision on the issue will be "determinative of the cause." To be determinative, a state law question must be susceptible of an answer which, in one alternative, will produce a final disposition of the federal cause. *White v. Edgar*, 320 A.2d 668, 677 (Me. 1974). Further, the Maine Law Court has held that a decision cannot be determinative unless all material facts have been either agreed upon or found by the court. *In Re Richards*, 223 A.2d 827, 833 (Me. 1966).

In light of these principles, this case will not be postured for certification until the factfinder has determined the relative fault of each of the parties defendant. The question will be determinative only if both Power Anchor and Roberge Construction are found to be at fault for the Plaintiff's injuries. Only then will Power Anchor's claim for limited contribution from Roberge need to be decided.

Accordingly, it is ORDERED:

(1) that Third-Party Plaintiff's Motion for Relief From this Court's Order Granting Third-Party Defendant's Motion for Summary Judgment, herein treated as a motion for relief from an interlocutory order of the Court, is GRANTED;

(2) that Third-Party Defendant's Motion for Summary Judgment is GRANTED as to Counts I and II of Third-Party Plaintiff's complaint; and

(3) that Third-Party Defendant's Motion for Summary Judgment is DENIED as to Count III of Third-Party Plaintiff's complaint, without prejudice.

So ORDERED.

created by the lacuna of specific authorities at the highest level of the state judicial system.