STATE OF MAINE
PENBOSCOT, SS.

SUPERIOR COURT
CIVIL ACTIONS
JLH -PEN- 11/20/2007

Yolanda Castiglia, individually and as
personal representative of the
Estate of Douglas Castiglia,
     Plaintiff

v.

Nathan Bailey,
     Defendant

(CV-06-164)

FILED & ENTERED
SUPERIOR COURT

NOV 20 2007

PENOBSCOT COUNTY

**********************

Yolanda Castiglia, individually and as
personal representative of the
Estate of Douglas Castiglia,
     Plaintiff

**Order (Motions for Summary Judgment)**

v.

(CV-06-257)

DONALD L. GARBRECHT
LAW LIBRARY

Maine Municipal Association Property
and Casualty Pool et al.,
     Defendants

FEB 06 2008

In these consolidated actions, the three defendants have filed motions for summary judgment, and the plaintiff has filed a cross-motion for summary judgment. The court has reviewed the parties' submissions on the motions.

This action followed the death of Douglas Castiglia, who was a part-time deputy sheriff with the Penobscot County Sheriff's Department but employed by the Town of Hermon. Deputy Castiglia fell ill while on duty and died several days later. In this action, his widow, Yolanda Castiglia (Castiglia), seeks damages, both on her own behalf and for the benefit of Douglas Castiglia's estate, from Nathan Bailey, whose report led to

1

Castiglia's response, and from Maine Municipal Association Property and Casualty Pool (MMA), and AIU Insurance Company (AIU) (collectively, "MMA"), who had issued insurance policies that Castiglia alleges entitles the estate and her to underinsured motorist's coverage benefits. Castiglia filed her claims against Bailey in one action and her claims against the insureds in a separate action. The two cases have been consolidated for all purposes.

The three defendants posit their motions for summary judgment on several grounds. For the reasons stated below, the court concludes that Castiglia is barred from recovering against any of the defendants, because there has already been a conclusive determination that Douglas Castiglia's death was not causally connected to the circumstances of his actions when he responded to the call involving Bailey. Consequently, the defendants in these cases are entitled to summary judgment on all of Castiglia's claims against them.

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 4, 825 A.2d 344, 345. The motion court views the evidence in the light most favorable to the non-moving party. *Benton Falls Associates v. Central Maine Power Company*, 2003 ME 99, ¶ 10, 828 A.2d 759, 762. An issue is considered genuine "if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial." *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72 (inner citation omitted). A fact is considered to be material if it could potentially affect the outcome of the case. *Id.* ¶ 5, 721 A.2d at 172.

In considering a summary judgment motion, the court's initial function is to determine the contents of the record on the motion. In part, that record is defined by the requirement that the parties' statements of material fact must be short and concise. *See* M.R.Civ.P. 56(h). Assertions that are not properly contradicted are deemed admitted. *See* M.R.Civ.P. 56(h)(4). *See generally Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶¶ 27-29, 864 A.2d 169, 178-79. Here, in response to MMA's statement of material facts, Castiglia admitted some, qualified some, and objected to some. The court concludes that Castiglia is deemed to have admitted each of MMA's assertions to which

2

she offered a qualified response, at least to the extent that those assertions are material to the court's analysis of the defendants' motions. Each of MMA's assertions leading to a qualified response is short, concise and straightforward. There are therefore proper under the rules. Few or none of Castiglia's responses are of the same quality. Additionally, most of Castiglia's replies are non-responsive and fail to provide information that bears directly on the original assertion. *See, e.g.,* plaintiff's opposing statement of material fact (PSOMF) ¶¶ 3, 4, 7, 14, 19-22. Several other responses actually include assertions that in fact demonstrate the absence of any disagreement with MMA's assertions, although those assertions by Castiglia are buried within a larger and non-responsive collection of other statements. *See, e.g., id.* ¶ 6, 13. Then, Castiglia objected to several of MMA's assertions regarding a companion worker's compensation proceeding, contending that those matters are not relevant.[1] The court overrules those objections because, for the reasons discussed below, that evidence is central to the dispositive issue generated by the defendants' motions.

Castiglia's responses -- to at least those portions of Bailey's statements of material fact that form the basis for the court's order here -- are affected by the same flaws.[2]

The resulting record on summary judgment therefore establishes the following facts. Douglas Castiglia was a part-time patrol officer for the Penobscot County Sheriff's Department. During the nighttime hours of November 27, 2004, he responded to the scene of a reported car-deer collision in Levant. Bailey was the operator of the vehicle involved in the collision but left the scene and called law enforcement from his nearby residence. Bailey did not return to the scene promptly, and prior to his return, Deputy Castiglia and another responding officer conducted two unsuccessful searches in the nearby woods for the deer. After he conducted those two searches, Deputy Castiglia

---

[1] The objection also cites more generally that the underlying assertion is "inadmissible." The basis for this objection is not specific and does not add to the accompanying particularized relevance objection. The court thus considers only Castiglia's reference to relevance.

[2] In addition to these problems affecting Castiglia's rule 56(h) submissions, the court notes that her memoranda of law do not comply with the formal requirements of such filings. *See* M.R.Civ.P. 7(f).

3

suffered an aortic dissection. He died from that condition on December 2, 2004. Yolanda Castiglia alleges here that Deputy Castiglia's work-related activities, consisting of and associated with the search for the deer, caused his fatal cardiac condition. On this basis, she alleges that Bailey's conduct that evening was actionable and that he is liable for losses caused by the deputy's death. On this same basis, the plaintiff also seeks recovery from the defendant-insurers.

Deputy Castiglia's estate, also represented by the plaintiff at bar, brought a worker's compensation claim for benefits. The respondent in that proceeding was the deputy's employer, the Town of Hermon. In that proceeding, Castiglia alleged that her late husband's fatal condition was triggered by the stress occasioned by his search for the deer under the then-existing circumstances. A testimonial hearing generated a record of conflicting expert opinions concerning the cause of the deputy's death. One expert, Paul Minton, M.D., testified that Deputy Castiglia suffered extreme emotional stress from his work at the scene of the car-deer collision and that the cause of death, aortic dissection, was caused by that event. According to Dr. Minton, Deputy Castiglia's death was work-related. The hearing officer also was presented with the testimony of Carl Sze, M.D., who concluded that the aortic dissection resulted from a congenital condition and that it coincidentally occurred while Deputy Castiglia was involved in his response to the car-deer incident.

The hearing officer concluded that the plaintiff was entitled to a statutory presumption under 39 M.R.S. 327.[3] The hearing officer further found that the employer established by a preponderance of the evidence "that the employee's death was not causally related to his employment, but was the result of a congenital yet undiagnosed condition aggravated by non-work-related hypertension." This means that the Board concluded that his death was not caused by the search for the injured deer. As a result, the Board denied the petition for worker's compensation benefits. The plaintiff sought

---

[3] Although the record refers to title 39, the Board may have intended to rely on 39-A M.R.S. § 327, which, as the substance of the hearing officer's decision states, creates a series of presumptions favorable to a deceased employee. One of those presumptions is the one invoked in the decree: that Deputy Castiglia is presumed to have sustained "personal injury arising out of and in the course of employment. . . ." Title 39 was repealed and replaced by title 39-A in 1991, see P.L. 1991, c. 885, pt. A, §7, which was well prior to any date relevant to this case.

4

appellate review of this decision, and that application was denied, rendering the Board's decision a final adjudication.

The movants argue here that Castiglia is barred from pursuing her claim that the deputy's death was caused by circumstances associated with his work at the investigative scene, because this matter has been conclusively resolved against her. The court agrees. "Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and. . .the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131, 138-139, *quoting Machias Savings Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595, 599. The doctrine applies when the prior proceeding is administrative in nature. *Macomber*, 2003 ME 121, ¶ 22, 834 A.2d at 139. Worker's compensation proceedings are regarded as administrative, *see Maietta v. Town of Scarborough*, 2004 ME 97, ¶¶ 16-17, 854 A.2d 223, 227-28 (characterizing a worker's compensation proceeding as an "administrative" proceeding, and describing a hearing officer of the Worker's Compensation Board as an "administrative hearing officer"), thus completing the syllogism: the doctrine of collateral estoppel applies to bar judicial relitigation of matters finally determined in a worker's compensation proceeding.

The record on summary judgment establishes the predicate to the application of the doctrine of collateral estoppel. The issue that formed the basis for the administrative determination is identical to one of the issues raised here, namely, Castiglia's contention that the aortic dissection suffered by her late husband was caused by the events associated with his investigation of the car-deer collision and his search for the animal. This allegation of causation is an essential element of her claims in this action. The identical issue also is one that was raised directly in the administrative proceeding. In both instances, the question presented was (and is) one of causation. Further, because the causation issue was central to the worker's compensation proceeding, Castiglia was fully motivated to litigate the issue. This is amply demonstrated by the nature of the testimony of Dr. Minton, who supported Castiglia's claim, and by Dr. Sze, whose opinion was adverse to that claim. The testimony of those physicians was developed and formed the basis for the hearing officer's conclusion.

5

The lack of mutuality, which arises here because the defendants at bar were not parties to the administrative action, does not preclude invocation of the collateral estoppel bar. Collateral estoppel may be used offensively by parties who did not participate in the prior proceeding, because the question is not who asserts the bar, but rather who is the party against whom the determinations were made previously. *See Hossler v. Barry*, 403 A.2d 762, 769 (Me. 1979). The record on summary judgment does not reveal the existence of any of the factors that would render application of the collateral estoppel bar unfair or otherwise unwarranted. *See id.*

Castiglia argues that collateral estoppel may not be used to bar her claim because she is entitled to pursue a third-party claim. As with any claim, however, hers remains subject to proof. Her third-party claim against Bailey (on which her claims against the insurers rest) requires her to prove that Bailey's conduct was a legal cause of harm. Castiglia has already litigated this very issue, and the issue was determined adversely to her claims here. Thus, as a matter of law, her claims here are legally insufficient.

Finally, the movants' arguments are not defeated by the holding in *Roberts v. American Chain and Cable Co., Inc.*, 259 A.2d 43 (Me. 1969). There, the Court held that a third-party tortfeasor had no right to contribution from an employer who was immunized from liability under the worker's compensation laws. *Id.* at 49. The laws protecting the employer from civil liability could not be applied to "dilut[e]" the liability of the third-party tortfeasor by allowing him to recover a contribution share from the employer. *Id.* The question presented in the case at bar does not concern the employer's civil exposure or the rights of the alleged tortfeasor (here, Bailey) to seek contribution from Deputy Castiglia's employer (the Town of Hermon). Rather, the controlling issue is whether Castiglia is entitled to relitigate a claim that previously was determined adversely to her. *Roberts* is inapposite to that issue.

The entry shall be:

For the foregoing reasons, in both CV-06-164 and CV-06-257, the motions for summary judgment are granted. Summary judgment is entered for all defendants on all counts of the complaints. The plaintiff's motion for summary judgment is denied.

The defendants are awarded their costs of court.

6

Dated: November 20, 2007

Justice, Maine Superior Court
Jeffrey L. Hjelm

7

YOLANDA CASTIGLIA INDIVIDUALLY AND AS PR OF THE ESTATE OF VS NATHAN BAILEY
UTN:AOCSsr  -2006-0087903                     CASE #:BANSC-CV-2006-00164
-------------------------------------------------------------------------
YOLANDA CASTIGLIA INDIVIDUALLY AND AS , PR                    PL
ATTY WILLEY, N L.  JR

ATTY MATZILEVICH, THOMAS M.


NATHAN BAILEY                                                 DEF
ATTY DOUGLASS, PAUL


ESTATE OF  D. CASTIGLIA                                       PR



M=More, Space = Exit:M

Select the EXIT KEY for page selection line.

YOLANDA CASTIGLIA VS MAINE MUNICIPAL ASSOCIATION PROPERTY AND CASUALTY POOL
UTN:AOCSsr  -2006-0132262                    CASE #:BANSC-CV-2006-00257
-----------------------------------------------------------------------

YOLANDA CASTIGLIA AND PR EST DOUGLAS C                      PL
ATTY WILLEY. N L.  JR Tel#

ATTY MATZILEVICH, THOMAS M.


MAINE MUNICIPAL ASSOCIATION PROPERTY CASUALTY              DEF
ATTY BROGAN, JONATHAN


AIU INSURANCE COMPANY                                      DEF
ATTY COSTLOW, FREDERICK