ST. PAUL INSURANCE
COMPANY, et al.

v.

James C. HAYES.

Supreme Judicial Court of Maine.

Argued April 3, 1996.

Decided May 30, 1996.

Christopher D. Nyhan (orally), Elizabeth Wyman, Preti, Flaherty, Beliveau & Pachios, Portland, for Plaintiffs.

Wendell G. Large (orally), Anne H. Cressey, Richardson, Whitman, Large & Badger, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

St. Paul Insurance Company, Holly Gerlaugh (a nurse practitioner), David Shinstrom (a physician), and Maine Dartmouth Family Practice Residency Program (the plaintiffs) appeal from the judgment entered in the Superior Court (Kennebec County, *Marden, J.*) dismissing their complaint against James C. Hayes (a physician), for failure to state a claim in that the present action was not brought within the statute of limitations period applicable to actions for professional negligence. Because we agree with the plaintiffs' contention that the present action is one for contribution and that, accordingly, their cause of action against Hayes did not accrue until the plaintiffs paid on the settlement in the underlying action, we vacate the dismissal.

St. Paul is the insurer of Gerlaugh, Shinstrom, and Maine Dartmouth (the insureds). In January 1988, Sharon Pratt and James Pratt brought an action for professional negligence against the insureds for their alleged misdiagnosis in 1983, and later treatment, of a mole on Sharon's back. On November 25, 1991, pursuant to a settlement agreement, the Pratts stipulated to a dismissal of their complaint against the insureds.

By their present complaint, filed against Hayes on December 10, 1993, the plaintiffs seek contribution from Hayes for the monies paid to the Pratts in accordance with the settlement. In support of their claim, the plaintiffs aver, *inter alia,* the following: In

November 1983, Hayes performed a pathological interpretation of a tissue sample taken from the mole on Sharon's back and failed to diagnose the sample as malignant. The insureds relied on Hayes's pathology report in their treatment of Sharon and, accordingly, they contend, Hayes is liable to the plaintiffs for the amounts they expended in the defense and ultimate settlement of the Pratt lawsuit.

By his answer, Hayes admitted that the present claim is one for contribution, but affirmatively argued, *inter alia,* that the action is barred by the applicable statute of limitations. Pursuant to M.R.Civ.P. 12(b)(6), Hayes filed a motion to dismiss the complaint, arguing that it is, in essence, a claim for professional negligence and is time-barred by the three-year statute of limitations pursuant to 24 M.R.S.A. § 2902 (1990).[1] Following a hearing, the trial court determined that

> The entire complaint is founded upon professional negligence by the defendant.... The cause of action accrued when defendant Hayes interpreted the specimens and rendered his report. It was the obligation[ ] of the plaintiffs to join the defendant at the time of the initial suit if [they] sought to hold him responsible for contribution.

The plaintiffs appeal from the judgment of dismissal entered accordingly.

In *Roberts v. American Chain & Cable Co.,* 259 A.2d 43 (Me.1969), we described an action for contribution as

> an equitable right founded on acknowledged principles of natural justice that when one has discharged or may be obligated to discharge more than his share of a common liability, he may have contribution from the other joint tortfeasor whose negligence concurred with his in producing the injury.

*Id.* at 48 (citation omitted); *see also Purwin v. Robertson Enters., Inc.,* 506 A.2d 1152, 1155 (Me.1986) (contribution is enforceable right among unintentional joint tortfeasors).

This equitable right is precisely what the plaintiffs seek here: the right to pursue Hayes for common liability resulting from alleged negligence. The crucial issue on which this case turns is the proper accrual date for the present cause of action for contribution.

In *Cyr v. Michaud,* 454 A.2d 1376 (Me.1983), we held that "claims for indemnification and contribution do not accrue for the purposes of the statute of limitations until a judgment has been paid by the third-party plaintiff." *Id.* at 1385 (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 14.2 at 291 (2d ed. 1970)). The commentary of the authors of *Maine Civil Practice* on this subject is noteworthy:

> It is important to note that since the third-party plaintiff's claim is based on some substantive right peculiar to him, such as contribution or indemnity, the statute of limitations that applies is that pertinent to that right, rather than that controlling the original plaintiff's claim. Thus, in impleader for contribution, the third-party plaintiff's claim does not even accrue for purposes of the statute of limitations until he has paid a judgment on the original claim. [The] impleader will be timely even if the statute has run on the original plaintiff.

*Id.* § 14.2 at 291 (footnote omitted); *accord Jaswell Drill Corp. v. General Motors Corp.,* 129 N.H. 341, 529 A.2d 875, 879 (1987) ("The statute of limitations cannot possibly start to run on an indemnity claim until the party seeking indemnification suffers a loss."). Although permitted to join Hayes as a third-party defendant in the underlying action, the plaintiffs were not, as the trial court determined, obligated to do so. *See* M.R.Civ.P. 14(a) (any time after suit is commenced, defendant as third-party plaintiff *may* serve complaint on non-party when non-party may be liable to defendant for part or all of plaintiff's claim); M.R.Civ.P. 14 reporter's note ("The use of this device is optional with the defendant, who may elect to wait and bring a separate action."); *Maine Civil Prac-*

---

1. 24 M.R.S.A. § 2902 (1990) provides in pertinent part:

> Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury.

*tice* § 14.3 at 292 ("The use of impleader is optional with the defendant. He loses no rights by waiting to bring a second action after his liability to the plaintiff has been determined.").

■ Notwithstanding the optional nature of Rule 14, Hayes contends that the definition of an "action for professional negligence" found within section 2502 of the Maine Health Security Act[2] encompasses *all* actions against health care providers, including the plaintiffs' present claim for contribution. It follows, Hayes contends, that because 24 M.R.S.A. § 2902 establishes the date of accrual for all actions involving professional negligence as the date of the act or omission, the Legislature intended to override the common law accrual date for contribution actions recognized in *Cyr*. We disagree.

Hayes's contention that the "any action" language of section 2502(6) encompasses an action for contribution overlooks the fact that the pertinent language is limited to "any action *for damages*." (Emphasis added.) An action for contribution is an equitable action and not one for damages. Interpreting section 2502(6) in the manner suggested by Hayes would be counter to the well-established principle that "[i]n the absence of clear and explicit statutory language showing that the [L]egislature intended a statute to modify case law, we will not interpret a statute to effect such a modification." *Caron v. Maine School Admin. Dist. No. 27*, 594 A.2d 560, 563 (Me.1991) (citing *Rubin v. Josephson*, 478 A.2d 665, 671 (Me.1984)). Because there is no such clear and explicit language within the Act, the law of contribution articulated in *Cyr* applies with equal force here. The plaintiffs' cause of action for contribution accrued on the date they paid the Pratts, and their present action was filed in a timely manner.[3]

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** 24 M.R.S.A. § 2502(6) (1990) provides:
"Action for professional negligence" means any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his agents or employees, whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services.

**3.** Because the plaintiffs' action was brought within twenty-six months of their settlement with the Pratts, we do not express an opinion on whether the statute of limitations applicable to the plaintiffs' contribution claim is the three-year period in 24 M.R.S.A. § 2902, or the general six-year period for all civil actions pursuant to 14 M.R.S.A. § 752 (1980).