Travis BROWN and John Farnsworth,
Plaintiffs,

v.

AUGUSTA SCHOOL DEPARTMENT,
et al., Defendants.

AUGUSTA SCHOOL DEPARTMENT,
Raymond Taylor, and Robert McGinley, Third–Party Plaintiffs

v.

Irvin COHEN Jr., Third–Party Defendant.

Civil No. 96–0242–B.

United States District Court,
D. Maine.

April 25, 1997.

Steven D. Silin, Berman & Simmons, Lewiston, for Plaintiffs.

Melissa A. Hewey, Drummond, Woodsum, Plimpton & MacMahon, Portland, for Defendants McGinley, Taylor and Augusta School Dept.

Malcolm L. Lyons, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for Defendant Perkins.

Linda Sibery Crawford, Hallowell, for Defendant Sinski.

Elizabeth A. Oliver, Preti, Flaherty, Beliveau & Pachios, Portland, for Third-Party Defendant Cohen.

### ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Third–Party Defendant, Dr. Irvin Cohen, Jr., filed a Motion to Dismiss the third-party claim against him on March 5, 1997. Dr. Cohen contends that the claim is an action for professional negligence and, as such, is subject to the provisions of the Maine Health Security Act ("MHSA"), 24 M.R.S.A. §§ 2501–2985. Dr. Cohen argues that the

third-party claim should be dismissed because the Third–Party Plaintiffs, the Augusta School Department, Raymond Taylor, and Robert McGinley, failed to comply with certain preconditions to bringing suit under the MHSA before filing their claim against Dr. Cohen. Third–Party Plaintiffs assert that their third-party claim against Dr. Cohen is not an action for professional negligence, as that term is defined in the MHSA, and thus is not governed by the MHSA. For the reasons set forth below, the Court holds that the third-party claim is not subject to the provisions of the MHSA and denies Dr. Cohen's Motion to Dismiss.

## I. Background

As a result of accusations made against Defendant Wayne Perkins in 1985, the Augusta School Department held a disciplinary hearing to investigate whether it was safe to permit Perkins to continue to teach in schools with children. During the course of this hearing, the School Department hired Dr. Cohen, a psychologist, to treat Perkins and render a psychological opinion as to his fitness to teach. Dr. Cohen subsequently reported that Perkins indeed was fit to teach. The School Department relied on Dr. Cohen's advice and allowed Perkins to continue teaching in its schools. Plaintiffs, Travis Brown and John Farnsworth, subsequently commenced an action for damages against Defendants on November 1, 1996, in which they alleged that Perkins sexually abused them.

On February 5, 1997, Defendants/Third–Party Plaintiffs, Augusta School Department, Raymond Taylor, and Robert McGinley, filed a third-party action against Cohen. They argue that if Plaintiff Travis Brown is successful on his claims against them, they are entitled to contribution and indemnification from Dr. Cohen based on his alleged negligence and breach of contract with the School Department.[1]

## II. The Maine Health Security Act

■ Prior to commencing an action for professional negligence in Maine, a plaintiff must satisfy certain requirements. For instance, he must serve a notice of claim against the defendant, stating the basis for the alleged professional negligence, and file it with the Superior Court. 24 M.R.S.A. §§ 2903, 2853. He also must present his claim to a prelitigation screening panel, whose purpose is to encourage settlement of legitimate claims and "early withdrawal or dismissal of nonmeritorious claims." *Id.* § 2851(1)(A)–(B). If all parties agree, they may bypass the prelitigation screening panel and proceed directly to trial. *Id.* § 2853(5). "In the absence of such an agreement, potential plaintiffs in medical malpractice litigation are barred from pursuing their claims in court until the prelitigation screening panel has rendered a decision." *Powers v. Planned Parenthood of Northern New England,* 677 A.2d 534, 537–38 (Me.1996).

■ The mandatory provisions of the MHSA, however, apply only to actions for professional negligence. Thus, if a plaintiff's claim is not an action for professional negligence, then he need not serve and file a notice of claim or submit to a prelitigation panel. The MHSA defines an "action for professional negligence" as "any action for damages for injury or death against any health care provider . . . or health care practitioner, . . . whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S.A. § 2502(6). A psychologist is a "health care practitioner" as that term is defined in the statute. *Id.* § 2502(1–A).

■ It is undisputed that the Third–Party Plaintiffs did not submit their claim against Dr. Cohen to a prelitigation screening panel, despite the fact that the parties did not agree to such a bypass. The Third–Party Plaintiffs also did not serve and file an notice of claim in accordance with the MHSA. The dispositive issue, therefore, is whether the Third–Party Plaintiffs were required to comply with these provisions of the MHSA before com-

---

1. The third-party claim is for contribution and/or indemnification only for any damages that may be owed by Third–Party Plaintiffs to Plaintiff Travis Brown because the Complaint alleges that

Perkins abused Brown, and not Plaintiff John Farnsworth, after Dr. Cohen rendered his professional advice.

mencing their third-party claim against Dr. Cohen. The Court holds that because the Third–Party Plaintiffs' claim against Dr. Cohen is one for contribution, it does not constitute an "action for professional negligence," as that term is defined in the MHSA. Accordingly, the Court holds that the Third–Party Plaintiffs were not governed by the mandatory provisions of the MHSA and denies Dr. Cohen's Motion to Dismiss.

The Court's conclusion in this case is in accord with the holding of the Maine Law Court in *St. Paul Ins. Co. v. Hayes,* 676 A.2d 510 (Me.1996). In *St. Paul Ins. Co.,* the court held that the plaintiffs' action for contribution against a physician did not accrue until the date judgment was paid by the plaintiffs, the common law rule, *see Cyr v. Michaud,* 454 A.2d 1376, 1385 (Me.1983), instead of on the date of the negligent act or omission as mandated by cases governed by the MHSA, 24 M.R.S.A. § 2902.[2] The court reasoned that a claim for contribution "is an equitable action and not one for damages." *St. Paul Ins. Co.,* 676 A.2d at 512. Since the MHSA provision on accrual dates applies only to an "action for professional negligence," which is defined, in part, as "any action for damages," the court held that the accrual date of plaintiffs' claim for contribution was not governed by the MHSA.

Dr. Cohen tries to distinguish *St. Paul Ins. Co.* by arguing that its holding is limited to the accrual dates of claims for contribution, and does not "propose a disregard of all statutory procedures mandated by the [MHSA] any time an action for professional negligence forms the basis of a contribution claim." Rep. Mem. of Third–Party Def., Irvin Cohen, Jr., Ph.D., in Support of Mot. to Dismiss Third–Party Comp. at 2. Dr. Cohen also notes that the court did not reach the issue of whether the statute of limitations applicable to the plaintiffs' contribution claim was governed by the MHSA or the general period applicable to civil actions because the plaintiffs would have satisfied either limitations period. *St. Paul Ins. Co.,* 676 A.2d at

512 n. 3. He believes that this constitutes evidence of the court's intention to limit its holding to accrual dates for claims of contribution.

The Court is not persuaded that *St. Paul Ins. Co.* is distinguishable. The Law Court stated:

> Hayes's contention that the "any action" language of section 2502(6) [defining an "action for professional negligence"] encompasses an action for contribution overlooks the fact that the pertinent language is limited to "any action for damages." An action for contribution is an equitable action and not one for damages.

*Id.* at 512. It is clear from this passage that a claim for contribution does not constitute an "action for professional negligence." To be sure, the Law Court also referred to the "well-established principle that '[i]n the absence of cleat and explicit statutory language showing that the [L]egislature intended a statute to modify case law, we will not interpret a statute to effect such a modification.' " *Id.* (quoting *Caron v. Maine Sch. Admin. Dist. No. 27,* 594 A.2d 560, 563 (Me.1991) (alterations in original)). The court held that because the MHSA provision for dates of accrual did not clearly modify the rule of law established in *Cyr v. Michaud,* 454 A.2d 1376 (Me.1983), the law in *Cyr* relating to the accrual date for a claim for contribution applies. Although the Court here is not concerned with whether the MHSA modifies existing case law, it finds the Law Court's statement that claims for contribution are equitable, and thus are not actions for damages, to be determinative.

### III. Conclusion

The third-party claim against Dr. Cohen is an action for contribution and/or indemnification. It is, therefore, an equitable action instead of an action for damages. The prelitigation screening panel and notice of claim requirements of the MHSA apply only to actions for professional negligence. An action for professional negligence is defined, in

---

**2.** The MHSA provides in pertinent part:
Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this sec-

tion, a cause of action accrues on the date of the act or omission giving rise to the injury. 24 M.R.S.A. § 2902.

part, as "any action for damages. . . ." 24 M.R.S.A. § 2502(6). Claims for contribution, consequently, do not constitute actions for professional negligence and thus are not governed by the MHSA's mandatory provisions. The third-party claim against Dr. Cohen is not subject to the MHSA's preconditions to suit. For these reasons, the Court denies Dr. Cohen's Motion to Dismiss.

*SO ORDERED.*