2008 ME 183

**ESTATE OF Eleanor DRESSER**

v.

**MAINE MEDICAL CENTER.**

Supreme Judicial Court of Maine.

Argued: June 16, 2008.

Decided: Dec. 11, 2008.

William C. Nugent, Esq. (orally), Law Offices of William C. Nugent, Portland, ME, for the Estate of Eleanor Dresser.

Mark G. Lavoie, Esq., Christopher C. Taintor, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, ME, for Maine Medical Center.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, and SILVER, JJ.

Dissent: LEVY, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Lisa Shiers, as personal representative of the Estate of Eleanor Dresser, appeals from a judgment of the Superior Court (Cumberland County, *Warren, J.*) granting Maine Medical Center's motion for a partial summary judgment on the Estate's complaint for medical negligence. Shiers contends that the Superior Court erred in holding that our law requires extinguishment of the liability of joint tortfeasors as a precondition to an action seeking contribution. Because, on the facts of this case, any risk of liability was extinguished by operation of the statute of limitations, the Superior Court erred in holding that Shiers's claim was barred by her

failure to secure release of potential claims that were already stale by operation of law. Accordingly, we vacate the judgment of the Superior Court.

I. CASE HISTORY

[¶ 2] There is no dispute about the facts. On January 12, 2003, Eleanor Dresser visited the emergency room at Maine Medical Center (MMC) following what was described as a fainting episode. She was examined and released with instructions to follow up with her regular doctor. Dresser was not warned that she should not drive. Two days later, Dresser suffered a similar episode while driving, lost consciousness, and collided with a vehicle occupied by Wayne and Brenda Edgecomb. In December 2003, Dresser died from complications related to injuries she sustained in the collision.

[¶ 3] An action brought by the Edgecombs against Dresser's Estate was settled for $265,000. The settlement and release of claims agreements involved only the Estate and the Edgecombs. MMC was not a party to the action or the settlement.

[¶ 4] In December 2006, Lisa Shiers, as personal representative of Dresser's Estate, filed a three-count complaint against MMC alleging negligence and wrongful death, and seeking contribution[1] from MMC for payments made to the Edgecombs to settle their claim.[2] Asserting that Shiers had failed to secure the release of any claims the Edgecombs might make against MMC, MMC filed for, and was granted, partial summary judgment as to

---

1. Although the third count seeks contribution or indemnity, the parties have treated this count as a claim for contribution alone. Therefore, indemnity is not considered in this opinion. *See Holland v. Sebunya,* 2000 ME 160, ¶ 9 n. 6, 759 A.2d 205, 209.

2. Even though this claim is brought in the name of Shiers, the parties and the Superior Court acknowledge that Dresser's insurer, Middlesex Mutual Assurance Co., is the actual party-in-interest.

the contribution claim. Shiers and MMC settled the first two counts of the complaint, and, by agreement, the Superior Court dismissed those counts. Shiers appeals from the grant of a summary judgment on the contribution claim.

## II. LEGAL ANALYSIS

[¶ 5] Because no material facts are at issue, the only question presented on appeal is whether MMC was entitled to judgment as a matter of law. On issues of law, we review the Superior Court's judgment de novo. *See Jipson v. Liberty Mut. Fire Ins. Co.*, 2008 ME 57, ¶ 6, 942 A.2d 1213, 1215.

[¶ 6] Shiers argues that the Superior Court's reliance upon the Restatement (Third) of Torts: Apportionment of Liability § 23 (2000), requiring extinguishment of claims by joint tortfeasors as a precondition for a contribution action was error, as this rule has not been adopted as a matter of substantive Maine law. Shiers also argues that MMC's tort liability has been extinguished by the running of the three-year statute of limitations, *see* 24 M.R.S. § 2902 (2007), applicable to any action the Edgecombs could have brought, and therefore the failure to release MMC in the settlement agreement is of no consequence.[3]

[¶ 7] In Maine, contribution is an equitable right. *Thermos Co. v. Spence*, 1999 ME 129, ¶ 15, 735 A.2d 484, 488. "[Contribution] is an equitable right founded on acknowledged principles of natural justice and [it is] enforceable in a court of law." *Hobbs v. Hurley*, 117 Me. 449, 451, 104 A. 815, 816 (1918). Contribu-

tion claims are allowed to ensure fairness between joint tortfeasors whose negligence caused a third party harm.[4] *Otis Elevator Co. of Me., Inc. v. F.W. Cunningham & Sons*, 454 A.2d 335, 338 (Me.1983).

[¶ 8] MMC contends that the Superior Court properly barred Shiers's contribution claim because, in her settlement with the Edgecombs, she failed to secure a release to extinguish any claims the Edgecombs might file against MMC. In support of their argument, MMC cites the Restatement comment indicating that extinguishment of liability to third parties is required as a precondition to contribution: "[a] person seeking contribution must extinguish the liability of the person against whom contribution is sought for that portion of liability." Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. b (2000). The rationale for this position is that if extinguishment is not required as a precondition to a contribution claim, a settling joint tortfeasor could subject a nonsettling joint tortfeasor to double liability: liability on the underlying tort claim and liability on the contribution claim.

[¶ 9] MMC urges that while we need not adopt the express provisions or comments of the Restatement, we should announce a rule that a party seeking contribution from another joint tortfeasor is required to take the affirmative step of extinguishing a non-settling party's exposure to liability on the original cause of action before invoking the judicial remedy of contribution.

[¶ 10] Consideration of whether or not to announce a rule requiring extinguishment of claims of joint tortfeasors as a

---

3. Shiers presents other arguments that are not considered here.

4. We have stated that "[c]ontribution is denied in cases of intentional wrong and is permitted only where liability is imposed for

conduct that is not morally blameworthy." *Bedard v. Greene*, 409 A.2d 676, 677 (Me. 1979). Our opinion today does not address intentional tortfeasors.

precondition to filing a contribution action could be an interesting academic exercise, but it would be an exercise of dictum unnecessary to resolution of this appeal. By operation of the three-year statute of limitations in the Maine Health Security Act, 24 M.R.S. § 2902,[5] any claim by the Edgecombs against MMC was barred by the time Shiers filed her claim against MMC in December 2006. Even if the extinguishment rule urged by MMC and adopted by the Superior Court existed, we would not apply it to require the Estate to perform the useless act of securing the release of a stale claim. *See State v. Rand,* 430 A.2d 808, 817 (Me.1981) (stating that the law will not be construed to intend an absurd result). Therefore, we need not consider whether to adopt the rule urged by MMC to support vacating the Superior Court's judgment here. The Superior Court erred in requiring an affirmative act by Shiers to extinguish what was already a stale claim.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

MEAD, J., with whom LEVY and GORMAN, JJ., join, dissenting.

[¶ 11] I respectfully dissent. The Court's decision today misses an opportunity to offer clarity to a complex and important area of the law and creates uncertainty and confusion instead. The parties have presented a straightforward question: Does Maine law require a tortfeasor who settles with the victim of the tort to obtain a liability release from the victim in favor of non-settling joint tortfeasors before commencing an action against them for contribution? The Court declines to answer this deeply consequential question, citing a desire to avoid "an exercise of dictum."

[¶ 12] The right of a tortfeasor in Maine to obtain contribution from joint tortfeasors is a judicially-created doctrine. *Thermos Co. v. Spence,* 1999 ME 129, ¶ 15, 735 A.2d 484, 488 (citing *Hobbs v. Hurley,* 117 Me. 449, 104 A. 815 (1918)); *see generally* Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. a, reporter's notes (2000). In our previous decisions dealing with contribution, we have not addressed the question of extinguishment.[6] The Restatement, however, explicitly requires extinguishment of liability as a precondition to contribution: "A person seeking contribution must extinguish the liability of the person against whom contribution is sought for that portion of liability, either by settle-

---

5. Title 24 M.R.S. § 2902 (2007) provides, in pertinent part:

Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. Notwithstanding the provisions of Title 14, section 853, relating to minority, actions for professional negligence by a minor shall be commenced within 6 years after the cause of action accrues or within 3 years after the minor reaches the age of majority, whichever first occurs.

On the facts of this case, when the alleged medical negligence occurred in January of 2003, the statute of limitations for any claim by the Edgecombs against MMC would have expired in January 2006, or, at the latest, in December 2006, three years after Eleanor Dresser's death.

6. Our discussion of extinguishment in the context of when a *Pierringer* release replaces a jury verdict is dependent on facts and issues not present here. *Peerless Div., Lear Siegler, Inc. v. U.S. Special Hydraulic Cylinders Corp.,* 1999 ME 189, ¶ 12, 742 A.2d 906, 910 (holding that a settlement replaces a jury verdict only when it extinguishes the liability of all joint tortfeasors).

ment with the plaintiff or by satisfaction of judgment." Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. b (2000). It provides, as an illustration:

> A sues B, C, and D for an indivisible injury sustained in an automobile accident. A settles with B for $50,000 and releases only B from liability. B may not recover contribution from either C or D.

*Id.* cmt. b, illus. 3.

[¶ 13] The necessity of extinguishing liability of non-settling tortfeasors is clear: failure to do so could expose a non-settling tortfeasor to liability on both the underlying claim and the contribution claim. The Restatement makes this observation in noting that proceeding without extinguishment is contrary to the Uniform Contribution Among Tortfeasors Act.[7] *Id.* cmt. b, reporter's notes. More fundamentally, such a result is simply inequitable and would undermine the rationale for allowing contribution actions. *See Otis Elevator Co. of Me., Inc. v. F.W. Cunningham & Sons*, 454 A.2d 335, 338 (Me.1983) (stating that the equitable doctrine of contribution is "predicated on considerations of fairness between tort-feasors whose negligence collectively causes injury to another").

[¶ 14] Although many settlements between tort victims and fewer than all of the responsible tortfeasors have undoubtedly taken place throughout the years without consideration of the possibility of an extinguishment rule, this case sounds the clarion call that contribution actions emanating from such settlements may—or may not—be barred by an affirmative rule of law. Looking forward, settlements be-

tween victims and fewer than all of the potential joint tortfeasors will become difficult, and often impossible, due to the uncertainty that today's decision leaves in place. Lawyers will anxiously await the day when the Court finally confirms or rejects the extinguishment doctrine.

[¶ 15] Although the Court's inclination to avoid dictum is commendable and worthwhile in general, it is misplaced in this case.[8] Ordinarily, if a matter on appeal can be completely resolved on a narrow point, the Court will avoid addressing other unrelated theories. In this case, however, the basis for the Court's holding—the operation of the statute of limitations—is inextricably intertwined with the extinguishment rule because it is advanced as an exception *to* the extinguishment rule.

[¶ 16] If Maine does not have an extinguishment rule, the Court's invocation of the statute of limitations is superfluous. Shiers could simply proceed with her contribution action without having obtained a release of MMC's liability from the Edgecombs. The fact that the Court predicates vacating the Superior Court's judgment on the statute of limitations *exception* to the extinguishment rule necessarily implies that Maine embraces the rule in the first instance.

[¶ 17] Nevertheless, the Court, inexplicably, maintains that the extinguishment issue is not reached. A reader is left in the odd position of being uncertain as to whether the doctrine of extinguishment exists at all in Maine, while knowing that *if* the spectral extinguishment rule is ever rendered corporeal by the Court, it is subject to already defined exceptions. Be-

---

7. The Uniform Contribution Among Tortfeasors Act has not been adopted in Maine.

8. Black's Law Dictionary has defined "judicial dictum" as "an opinion by a court on a question that is directly involved, briefed, and

argued by counsel, and even passed on by the court, but that is not essential to the decision." Black's Law Dictionary 485 (8th ed. 2004).

cause the circumstances of this case appropriately present the issue for appellate review, the Court should reach it. These parties and multitudes of other parties seeking to settle tort claims are entitled to a definitive answer to this important question.