Diane and James KIDDER, Plaintiffs,

v.

**RICHMOND AREA HEALTH CENTER, INC., et al., Defendants.**

No. CV–08–282–B–W.

United States District Court, D. Maine.

Jan. 29, 2009.

James F. Pross, Esq., Tarbell & Brodich, P.A., Augusta, ME, for Plaintiffs.

David R. Collins, Evan J. Roth, U.S. Attorney's Office District of Maine, Megan Adele Sanders Robert O. Newton, Preti, Flaherty, Beliveau, Pachios & Haley, LLP, Christopher C. Taintor, Norman, Hanson & Detroy, Portland, ME, Steven L. Johnson, Kozak & Gayer, Augusta, ME, for Defendants.

**ORDER ON MOTIONS TO SUBSTITUTE PARTY, TO DISMISS, AND TO REMAND**

JOHN A. WOODCOCK, JR., Chief Judge.

Because the Plaintiffs have initiated, but not completed state and federal statutory

prerequisites to the filing of a civil action for medical malpractice, the Court dismisses this matter without prejudice as premature.

## I. STATEMENT OF FACTS

This procedural tangle began simply enough. On July 8, 2008, Diane and James Kidder filed a Notice of Claim against Richmond Area Health Center, Inc. (RAHC), Shelly Hickey, N.P., and Linda Hermans, M.D., (collectively, along with the United States, the "Federal Defendants") claiming that they committed medical malpractice when Nurse Hickey erroneously informed Diane Kidder on August 21, 2006 that she had Stage IV cancer, when in fact the records were those of another patient.[1] *Notice of Claim* ¶¶ 2–3 (Docket # 1, Ex. D). On August 22, 2006, the Kidders allege, Nurse Hickey contacted Diane Kidder and explained her error. *Id.* ¶ 3. According to the Notice of Claim, Diane and James Kidder seek damages for "severe emotional distress due [to] their belief that Diane Kidder's death was imminent." *Id.* ¶ 7. The Plaintiffs filed the Notice of Claim with the Kennebec County Superior Court. *Id.*

On August 27, 2008, the United States—on behalf of itself and the other Federal Defendants—removed the matter to this Court. *Notice of Removal of Civil Action* (Docket # 1). United States Attorney Paula Silsby certified that "with respect to the incidents alleged in the Notice of Claim, Nurse Hickey and Dr. Hermans were, at the time of the events alleged, employees of Health Reach Community Health Centers ("Health Reach"), acting within the scope of their employment." *Certification* ¶ 2. She also certified that Heath Reach has been "deemed eligible for Federal Tort Claims malpractice cover-

age." *Id.* The United States claimed that based on the certification of United States Attorney Silsby, removal was appropriate pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d).

On August 28, 2008, the Federal Defendants moved to substitute the United States in place of RAHC, Nurse Hickey, and Dr. Hermans. *Mot. to Substitute the United States* (Docket # 3) (*Fed. Defs.' Mot. to Substitute*). On October 3, 2008, the Plaintiffs objected. *Pls.' Opp'n to Defs.' Mot. to Substitute the United States* (Docket # 25) (*Pls.' Opp'n to Fed. Defs.' Mot. to Substitute*). On August 28, 2008, the United States also moved to dismiss the Plaintiffs' claim for lack of subject matter jurisdiction. *United States' Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (Docket # 4) (*Fed. Defs.' Mot. to Dismiss*). The Plaintiffs objected on October 3, 2008. *Pls.' Opp'n to Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (Docket # 26) (*Pls.' Opp'n to Fed. Defs.' Mot. to Dismiss*). The Federal Defendants replied to both the Plaintiffs' responses to the motions to substitute and to dismiss. *Fed. Defs.' Consolidated Reply to Pls.' Opp'ns to Mots. to Substitute and Dismiss* (Docket # 28) (*Fed. Defs.' Reply*).

The matter became more complicated on September 17, 2008, when the United States filed a photocopy of the state court record, revealing the existence of multiple state claims involving the same underlying facts pending in Kennebec County Superior Court: (1) the Notice of Claim against RAHC, Nurse Hickey, and Dr. Hermans under docket number AUGSC–CV–2008–250; (2) two Notices of Claim against Dr. Doe under docket numbers AUGSC–CV–332 and AUGSC–CV–333; and, (3) two Notices of Claim against Medical Center Y

---

[1]. The United States Attorney clarified that the Plaintiffs erroneously referred to Dr. Hermans as Dr. Herman. *Certification* ¶ 1 & n. 1 (Docket # 1, Ex. A).

and Medical Group Z under docket numbers AUGSC–CV–2007–334 and AUGSC–CV–2007–335.[2] The September 17, 2008 filing raised the specter of a descent into procedural confusion between state and federal proceedings.

As the Plaintiffs later explained, in accordance with state law, they initially filed with the Kennebec County Superior Court mandatory pre-litigation screening notices against Medical Group Y and Dr. Doe. *Mem. of Law in Supp. of Pls.' Mot. to Remand* at 2 (Docket # 22–2) (Pls.' *Remand Mem.*). The state court assigned docket numbers and began the screening panel process, and on February 2, 2008, the panel chair consolidated the Notices of Claim under a single docket number, CV–07–332. *Id.* at 2. During discovery, the Plaintiffs concluded that there was an additional potential claim against the Federal Defendants—Nurse Hickey, her supervising physician, and employer—and on July 8, 2008, they filed Notices of Claim against them in the Kennebec County Superior Court. *Id.* at 2. The Kennebec County Superior Court assigned docket number CV–08–250 to that Notice of Claim, and on August 5, 2008, the panel chair consolidated CV–08–250 with the claims in CV–07–332. *Id.* at 2–3. The Federal Defendants removed the Notice of Claim in CV–08–250 and, even though CV–08–250 had been consolidated with the other claims, the state court forwarded only CV–08–250, leaving the Federal Defendants in federal court and the non-Federal Defendants in state court. *Id.* at 3. The potential for intractable confusion was growing.

On September 25, 2008, the United States Magistrate Judge held a telephone conference in which with agreement of the parties, she ordered that the Clerk of this Court enter upon the docket Medical Center Y, Medical Group Z, and Dr. Doe together with their respective counsel, allowing their attorneys to "appear in this action … without prejudice to their right to object to the manner in which the matter was removed from state court and to seek the remand of the proceeding to the medical malpractice panel." *Report of Telephone Conference and Order* at 2.

On September 26, 2008, Medical Center Y, Medical Group Z, Dr. Doe, and the Plaintiffs moved to have the matters remanded to state court; in the alternative, Dr. Doe moved to dismiss. *Mot. to Remand Pls.' Claims as to Defs. Y and Z to State Court* (Docket # 21) (*Defs.' Y and Z Mot. to Remand*); *Def. Doe's Mot. to Remand or in the Alternative Mot. to Dismiss* (Docket # 23) (*Def. Doe's Mot.*); *Pls.' Mot. to Remand* (Docket # 22) (*Pls.' Mot. to Remand*). The Federal Defendants opposed the motions to remand, but did not oppose a suggestion from Medical Center Y, Medical Group Z, and Dr. Doe that their cases should be severed from the action against the Federal Defendants and remanded to state court. *Fed. Defs.' Consolidated Resp. to Mots. to Remand and/or Dismiss* (Docket # 27).

## A. The Federal Defendants' Motion to Substitute the United States

Citing statutory law, the Federal Defendants contend that the United States is the sole proper defendant in an action against defendants deemed Public Health Service employees and approved delivery sites for qualifying section 254b health centers and

---

2. In her Report of Telephone Conference and Order, the magistrate judge observed that identifying references to Dr. Doe, Medical Center Y, and Medical Group Z (collectively, the "non-Federal Defendants") must remain sealed under state law, but there is no similar provision for the Federal Defendants. *Report of Telephone Conference and Order* at 2–3 (Docket # 20). The Court has adopted her practice.

they argue that the RAHC, Nurse Hickey, and Dr. Hermans are so deemed. *Fed. Defs.' Mot. to Substitute* at 3. The Plaintiffs do not disagree with the proposition that if a lawsuit is brought against RAHC, Nurse Hickey, and Dr. Hermans, it must name the United States, not the health center or the individual practitioners. *Pls.' Opp'n to Fed. Defs.' Mot. to Substitute* at 1 (stating that the "Plaintiffs do not disagree with the Government's interpretation of the deeming statute and do not contend at this juncture that the Defendants are not properly covered under the Public Health Service Act, as amended by the FHCAA"). However, the Plaintiffs object to the motion to substitute on the ground that there is no pending civil action for damages. *Id.* at 1–2.

### B. The Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Federal Defendants contend that once the Court substitutes the United States for the individual defendants, the action should be dismissed, because the Plaintiffs have failed to exhaust their jurisdictionally-required administrative claims with the United States Department of Health and Human Services (HHS), and consequently the claims "fall outside the FTCA's [Federal Tort Claims Act's] limited waiver of sovereign immunity." *Fed. Defs.' Mot. to Dismiss* at 3. The Plaintiffs oppose the motion to dismiss on the ground that the United States has "acted prematurely because no lawsuit is pending against the parties that it seeks to substitute and on whose behalf it moves for dismissal." *Pls.' Opp'n to Fed. Defs.' Mot. to Dismiss* at 1.

### C. The Motions to Remand

The Plaintiffs and Defendants Medical Center Y, Medical Group Z, and Dr. Doe all move to remand the matters relating to the Plaintiffs' claims against them to state court. They explain that Medical Center Y, Medical Group Z, and Dr. Doe are not subject to the FTCA; rather, they agree that they are subject to the Maine Health Security Act (MHSA). *Defs.' Y and Z Mot. to Remand* at 4–5. As such, they say the Plaintiffs' state law claims are subject to a mandatory pre-litigation screening panel; in fact, they represent that the screening panel proceedings have been moving forward. *Pls.' Mot. to Remand* at 1; *Defs.' Y and Z Mot. to Remand* at 2 n. 1; *Def. Doe's Mot.* at 3. They argue that the filing of Notices of Claim under the MHSA is not the filing of a civil action and this Court should not exercise jurisdiction. *Id.* Dr. Doe takes the argument one step further and urges the Court to dismiss the remaining state-law claims for the same reasons the Federal Defendants urged dismissal. *Def. Doe's Mot.* at 4.

## II. DISCUSSION

 This legal tangle is rapidly becoming a Gordian Knot, and the Court concludes it merits Alexander's decisive remedy. The Court dismisses the entire matter without prejudice, because it is premature. This bears a brief word of explanation. Both the FTCA and the MHSA establish procedural preconditions to the filing of a cause of action under the respective statutes. The FTCA mandates that before a plaintiff may file suit against the United States for an action sounding in tort, the plaintiff must first present the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The failure to do so constitutes a jurisdictional bar to a civil action under the FTCA against the United States. *McNeil v. United States,* 508 U.S. 106, 112–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Cotto v. United States,* 993 F.2d 274, 280 (1st Cir.1993). Similarly, the MHSA mandates that before a plaintiff

may file suit against a medical provider sounding in tort, the plaintiff must first present the claim to a duly authorized pre-litigation screening panel and receive a decision. 24 M.R.S.A. §§ 2853(1), 2903(1). The failure to do so constitutes a bar to a civil action under the MHSA against the provider. *Brown v. Augusta Sch. Dep't,* 963 F.Supp. 39, 40–41 (D.Me.1997); *Powers v. Planned Parenthood of N. New England,* 677 A.2d 534, 537–38 (Me.1996). Although the Plaintiffs have initiated the requisite pre-litigation notices for both a state and federal malpractice lawsuit, neither the HHS nor the pre-litigation screening panel has completed its work. Until they do, a civil action under either federal or state law is premature, and the removed matters are not civil actions.

## III. CONCLUSION

The Court DISMISSES without prejudice Plaintiffs' claims against all defendants; the Court further DISMISSES all remaining motions as moot.

SO ORDERED.