STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No.: CV-10-600
RAC-CUM-8

S.R. WEINER & ASSOCIATES, INC.
and W/S WESTBROOK ASSOCIATES, LLC

Plaintiffs

v.

KOHL'S DEPARTMENT STORES, INC.,
LIPINSKI SNOW SERVICES, INC., and
A.J. SCOTT SYSTEMS, INC.

Defendants

ORDER STATE OF MAINE
Cumberland, ss, Clerk's Office

AUG 18 2011

RECEIVED

Defendants Kohl's Department Stores, Inc. (Kohl's) and Lipinski Snow Services, Inc.

(Lipinski) move, pursuant to M.R. Civ. P. 12(b)(6), to dismiss Counts I and II of the Amended

Complaint of S.R. Weiner & Associates, Inc. (SRW) and W/S Westbrook Associates, LLC

(WSW) for failure to state a claim upon which relief can be granted.

## BACKGROUND

For the purposes of this motion, the following allegations within the Amended Complaint

are presumed to be true. *See Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me.

1996). WSW is the Ground Lessee and landlord of land and buildings known as the Westbrook

Crossing mall in Westbrook. SRW is the agent and management company for WSW with

respect to the Westbrook Crossing property. As part of the management agreement between

WSW and SRW, WSW must defend, save harmless, and indemnify SRW from all claims of

liability for injuries to persons arising out of SRW's operation of the property, except for instances of gross negligence or willful misconduct.[1]

WSW leased a portion of the mall to Kohl's (the "Kohl's Tract") in October of 2002. The lease obligated WSW to maintain the common areas of the Westbrook Crossing property, but Kohl's had the right to assume responsibility for the operation, maintenance, and repair of the common areas of the Kohl's Tract. On June 21, 2004, Kohl's informed SRW and WSW it intended to assume responsibility for common area maintenance, effective September 21, 2004. By exercising its option to maintain the common areas of the Kohl's Tract, the following indemnification provision within the lease became active:[2]

> Tenant shall defend, indemnify and save Landlord harmless from all injury, loss, claims or damage (including attorneys' fees and disbursements incurred by Landlord in conducting an investigation and preparing for and conducting a defense) to any person or property arising from, related to, or in any way connected with any injury, loss, claims or damages occurring on or about the Common Areas on Tenant's Tract, except to the extent such injury, loss, claim or damage is attributable to the negligence or malicious act of Landlord or its agents, servants, employees or contractors.

(Ex. A at 17.) Kohl's did in fact assume responsibility for common area maintenance of the Kohl's Tract, including removal of all ice and snow to the extent reasonably necessary to keep the tract clean and safe. Kohl's hired Lipinski to remove snow and ice in the 2007-2008 season, and Lipinski subcontracted to A.J. Scott Systems, Inc. (AJS).

On March 18, 2008, Donna Smith fell in the parking lot on the Kohl's Tract of the Westbrook Crossing mall. SRW, through its insurer, tendered the claim to Kohl's for defense and indemnification on December 8, 2008, and made subsequent inquiries about the status of the

---

[1] Documents attached to and incorporated into a complaint may be properly considered by the court on a motion to dismiss. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43, 48.

[2] A second indemnification provision also became active (*see* Ex. A at 18), but is not necessary for the court to address the second provision at this juncture.

2

case. Kohl's did not respond to SRW's inquiries or agree to defend or indemnify SRW. WSW also tendered the defense of the matter to Kohl's and demanded indemnification. [3]

Smith filed suit in Cumberland County Superior Court on April 27, 2010, seeking damages for personal injury against Kohl's, SRW, White Brothers, Inc.,[4] and AJS. Kohl's continued to refuse to indemnify or defend SRW against the suit, and at mandatory mediation in the Smith litigation indicated that SRW's tender was defective because it was not made by WSW. SRW defaulted in the Smith case for an untimely answer, which was not set aside upon SRW's motion. A damages hearing was scheduled in the Smith litigation, but SRW settled with Smith and, on SRW's information and belief, Smith's claims against the remaining defendants will be dismissed shortly.

SRW and WSW filed the present suit on November 23, 2010, and amended their complaint on February 21, 2011. Plaintiffs' Amended Complaint contains two counts: 1) WSW's claim for breach of contract against Kohl's, and 2) SRW's claim for contribution and equitable indemnification against joint tortfeasors Kohl's, Lipinski, and AJS. Kohl's and Lipinski filed their answer and affirmative defenses on March 2, 2011, and moved to dismiss the counts against them on March 14, 2011.

---

[3] The Amended Complaint alleges in Count I that "WSW had tendered, independently and through its agent S.R. Weiner, the defense of this matter and demanded indemnification on several occasions." (Comp. ¶ 53.) It is not clear to which "matter" WSW is referring (the Smith litigation itself, or indemnification of WSW for SRW's liability to Smith), nor is the timing of the tender to Kohl's indicated in the Amended Complaint. At this procedural posture, however, the court presumes the allegations in the complaint are true and views them in the light most favorable to the plaintiff. *See Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996).

[4] White Brothers, Inc. contracted with SRW to perform snow removal services for the Westbrook Crossing property, excluding the Kohl's tract. (Compl. ¶ 28.) White Brothers was voluntarily dismissed from the Smith suit when it became clear Smith fell on the Kohl's Tract. (Compl. ¶ 44.)

## DISCUSSION

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw*, 683 A.2d at 503 (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quotation marks omitted). Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43, 48.

I.    Count I:  WSW v. Kohl's (Breach of contract)

In the first count, WSW alleges that Kohl's must indemnify WSW for its defense and indemnification of SRW based on both indemnification provisions within the lease. Based on the first indemnity provision, WSW alleges that SRW's liability in the Smith litigation is an injury, loss, or claim to WSW "arising from, related to, or in any way connected with any injury, loss, claims or damages occurring on or about the Common Areas on [the Kohl's] Tract." Kohl's contends that by the plain terms of the lease, its obligations run only to WSW because the lease defines and identifies WSW as the Landlord, and does not include any provision in favor WSW's agent or SRW. Kohl's also asserts that even if WSW's contractual obligations to SRW

4

could trigger the first indemnity provision in the lease, the exception in that clause applies, which does not require Kohl's to indemnify WSW for damage attributable to the negligence of WSW's agent, i.e. SRW's default.[5]

WSW asserts that the first indemnity provision applies because the Smith litigation is an "injury, loss, claims or damage" to SRW "arising from, related to, or in any way connected with" injury to Smith occurring on the Kohl's Tract. With its argument, WSW presumes that SRW qualifies as "any person or property" and that the damage to SRW arises from the injury to Smith on the Kohl's tract, and not its default. WSW also asserts that the exception to the first indemnity provision does not apply because the injury to Smith is not attributable to SRW's negligence, which WSW will establish at trial.

A complaint only is "properly dismissed when it is beyond doubt that the plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400, 402. Kohl's averment that it has no obligation to SRW within the lease is a reasonable interpretation of the lease. On the other hand, WSW's interpretation also is not unreasonable and the loss to WSW from its defense SRW could arguably fall within the provision. Because the contract language is reasonably susceptible to two different interpretations, it is ambiguous and the count cannot be dismissed at this procedural posture. *See id.* ¶ 9, 983 A.2d at 403.

II.    Count II: SRW v. Kohl's, Lipinski, and AJS (Contribution/Equitable Indemnification)

In the second count, SRW is seeking from Kohl's, Lipinski, and AJS: 1) equitable indemnification for amounts paid to Smith because the Defendants were the active tortfeasors,

---

[5] Kohl's relies heavily on *Emergency Professionals of Atlanta, P.C. v. Watson*, 654 S.E.2d 434 (Ga. Ct. App. 2007). The factual circumstances *Emergency Professionals* are similar to the present case. However, the case is distinguishable from the present dispute in at least two respects. First, the procedural posture in *Emergency Professionals* was a motion for summary judgment, and not a motion to dismiss. *Id.* at 436. Second, there is no comparable party in *Emergency Professionals* to WSW.

and, in the alternative, 2) contribution in an amount equal to each Defendant's proportional of fault. Kohl's asserts that both theories require the payment to the victim be based on a legal necessity for payment and that a default judgment to which SRW had an absolute defense does not establish "legal necessity."

## A. Equitable Indemnification

In Maine, equitable indemnification is an equitable remedy requiring "one party to reimburse the other entirely." *Emery v. Hussey Seating Co.*, 1997 ME 162, ¶ 9, 697 A.2d 1284, 1287 (quoting *Roberts v. Am. Chain & Cable Co.*, 259 A.2d 43, 50 (Me. 1969)). Equitable indemnification is appropriate in situations "in order to do justice within the law so that one guilty of an active or affirmative act of negligence . . . will not escape liability, while another whose fault was only technical or passive assumes complete liability." *Ne. Bank of Lewiston & Auburn v. Murphy*, 512 A.2d 344, 351 (Me. 1986); *accord Emery v. Hussey Seating Co.*, 1997 ME 162, ¶ 9, 697 A.2d 1284, 1287 (stating that indemnification "is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties" (quotation marks omitted)).

The Law Court applied the doctrine equitable indemnification in *Northeast Bank of Lewiston & Auburn*. *But see Roberts*, 259 A.2d at 50-51 (stating that Maine "has never adopted [equitable indemnification] in purely non-contractual situations"). There, both parties had been adjudged liable to the plaintiff in that both had some part in causing the plaintiff's injury, but one party's liability was only technical or passive. *See Ne. Bank of Lewiston & Auburn*, 512 A.2d at 350-51. The Law Court applied section 97 of the Restatement of Restitution (1937) to the situation, which provides:

A person whose negligent conduct combined with the reckless or intentionally wrongful conduct of another has resulted in injury for which both have become

6

liable in tort to a third person is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if the other knew of the peril and could have averted the harm at a time when the negligent tortfeasor could not have done so.

*Ne. Bank of Lewiston & Auburn*, 512 A.2d at 351.

In the present case, SRW defaulted in the Smith litigation and has now settled with Smith. "When a default is entered against a defendant, the allegations in the plaintiff's complaint are deemed to be true and become findings of fact. A default establishes liability . . . ." *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me. 1995). However, the Amended Complaint avers that it was not the actions of SRW, Kohls, Lipinski, and AJS that combined to cause the injury to Smith. In light of the default, it remains to be seen whether SRW's conduct was only technical or passive such that it would be entitled to equitable indemnification from Kohl's, Lipinski, or AJS. Should SRW be able to show their conduct was only a technical cause of the injury to Smith, they could be entitled to indemnity and thus the claim should not be dismissed.

B.    Contribution

An action for contribution is

an equitable right founded on acknowledged principles of natural justice that when one has discharged or may be obligated to discharge more than his share of a common liability, he may have contribution from the other joint tortfeasor whose negligence concurred with his in producing the injury.

*St. Paul Ins. Co. v. Hayes*, 676 A.2d 510, 511 (Me. 1996) (*quoting Roberts*, 259 A.2d at 48); *see also Purwin v. Robertson Enters., Inc.*, 506 A.2d 1152, 1155 (Me. 1986) (stating that contribution is an enforceable right among unintentional joint tortfeasors); *Packard v. Whitten*, 274 A.2d 169, 179 (Me. 1971).

With SRW's contribution claim, SRW seeks contribution for the Smith settlement from non-settling parties Kohl's, Lipinski, and AJS. The Law Court, over a strong dissent, declined to

7

address whether a contribution claim against non-settling joint tortfeasors can proceed without the settling party acquiring an extinguishment of claims against the joint tortfeasors from the victim. *See Dresser v. Me. Med. Ctr.*, 2008 ME 183, ¶ 10, 960 A.2d 1205, 1207-08 (vacating the trial court's judgment that the party seeking contribution must acquire an extinguishment of claims from the victim because the claim was barred by the statute of limitations). The dissent in *Dresser* explained that "[t]he necessity of extinguishing liability of non-settling tortfeasors is clear: failure to do so could expose a non-settling tortfeasor to liability on both the underlying claim and the contribution claim." *Id.* ¶ 13, 960 A.2d at 1209 (Mead, J., dissenting).

SRW's Amended Complaint does not indicate whether SRW obtained a release of liability from Smith in favor of Defendants with their settlement. If they have received the release from Smith, then there is the possibility that Plaintiffs could be entitled to contribution from Kohl's and Lipinski in accordance with a future determination of their proportional fault, and thus the claim for contribution should not be dismissed.

**The entry is:**

Defendants Kohl's and Lipinski's Motion to Dismiss is DENIED. Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

DATE: _August 18, 2011_

_____
Roland A. Cole
Justice, Superior Court

8

WS WESTBROOK ASSOCIATES LLC ET AL VS KOHLS DEPARTMENT STORE INC ET ALS
UTN:AOCSsr  -2010-0124116                          CASE #:PORSC-CV-2010-00600
------------------------------------------------------------------------
SEL ID                                    REPRESENTATION TYPE      DATE

01 0000008357 ATTORNEY:CLOUTIER, TERESA M
ADDR:477 CONGRESS STREET 14TH FLOOR PO BOX 15215 PORTLAND ME 04112-5215
    F FOR:SR WEINER ASSOCIATES INC              PL        RTND    02/11/2011
    F FOR:WS WESTBROOK ASSOCIATES LLC           PL        RTND    11/23/2010

02 0000003192 ATTORNEY:HUNT, JAMES C
ADDR:TWELVE PORTLAND PIER PORTLAND ME 04101-4713
    F FOR:AJ SCOTT SYSTEMS INC                  DEF       RTND    03/03/2011

03 0000007564 ATTORNEY:WALL, JOHN
ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
    F FOR:KOHLS DEPARTMENT STORE INC            DEF       RTND    03/02/2011

WS WESTBROOK ASSOCIATES LLC ET AL VS KOHLS DEPARTMENT STORE INC ET ALS
UTN:AOCSsr  -2010-0124116                          CASE #:PORSC-CV-2010-00600
--------------------------------------------------------------------------------

| SEL VD | | REPRESENTATION TYPE | DATE |
|---|---|---|---|
| 03 0000007564 ATTORNEY:WALL, JOHN | | | |
| ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046 | | | |
| F FOR:LIPINSKI SNOW SERVICES INC | DEF | RTND | 03/02/2011 |